**Application of Ray J. HUGHES, For a Writ of Habeas Corpus.**

No. A–13229.

Court of Criminal Appeals of Oklahoma.

June 13, 1962.

Frank Grayson, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

NIX, Presiding Judge.

This is an original proceeding by Ray J. Hughes, an inmate of the State Penitentiary at McAlester, Oklahoma, to secure his release from confinement.

Briefly, the facts upon which the petitioner seeks his release are as follows: On April 14, 1958, he was convicted of the crime of Grand Larceny and sentenced to three (3) years in the State Penitentiary at McAlester, Oklahoma. He was granted a 60 day leave by the Governor at the time he was to enter the penitentiary, and did actually enter on July 6, 1960, remained until December 12, 1960, at which time he was granted a leave and this leave was renewed on three (3) occasions, and he was returned to the State Penitentiary on May 21, 1961. He has remained there until this date of April 26, 1962, at which time petition was filed.

That the total time he has served *including* all leave time, is 659 days, and that according to the time schedule of the Oklahoma State Penitentiary with allowances for good time and good work, should serve One year-Nine months-and 1 day, or Six Hundred and thirty six (636) days, and therefore is illegally detained at this time and entitled to release. Title 57 O.S.A. § 350, provides:

"Every person who has been or who in the future may be sentenced to imprisonment in any State Penal Institution shall, in addition to any other deductions provided for by law, be entitled to a deduction from his sentence for all time during which he has been or may be on parole; provided, however, that this Act shall not be applicable to time on a parole which has been

or shall be revoked; and further provided, that voluntary return to confinement shall not be deemed to be a revoked parole."

Petitioner is therefore entitled to all leave time away from the penitentiary, in addition to regular credits for good conduct and good work, as stated in Title 57 O.S.A. § 138:

"Every convict who shall have no infractions of the rules and regulations of the prison or laws of the State recorded against him shall be allowed for his term a deduction of two (2) months in each of the first two (2) years; four (4) months in each of the next two (2) years; five (5) months in each of the remaining years of said term, and prorated for any part of the year where the sentence is for more or less than a year. The mode of reckoning credits shall be shown in the following table:

### SCHEDULE OF CREDITS

| No. of years of sentence | Good time granted | Total good time made | Time to be served if full time is made |
| --- | --- | --- | --- |
| 1st year | 2 months | 2 months | 10 months |
| 2nd year | 2 months | 4 months | 1 year, 8 months |
| 3rd year | 4 months | 8 months | 2 years, 4 months |
| 4th year | 4 months | 1 year | 3 years |
| 5th year | 5 months | 1 year, 5 mo. | 3 years, 7 months |

and so on, through as many years as may be the term of the sentence. And, in addition to the deduction above provided for, every convict shall be entitled to a deduction from his sentence of two (2) days for every six (6) day's work performed by him; and each convict shall also, in addition to all such deductions, be entitled to a deduction of twenty (20) days for each pint of his blood he donates to the American Red Cross or to any agency or a hospital approved for such purpose by the Warden."

Upon showing made at the Hearing in this Court, that the Petitioner was a first offender with a good conduct record at the penitentiary and that, under the provisions of the statute above cited, he would be entitled to his release after serving a term of 1 year—9 months—and 1 day.

It clearly appears, that, with credit for good time, work time, *and* taking credit for all leave time, the petitioner is entitled to release from custody.

Therefore, it is the opinion of this Court that the relief prayed for should be, and is, hereby granted.

BRETT and BUSSEY, JJ., concur.