**Howard R. SIMPSON, O.S.P. No. 59575, Petitioner,**

**v.**

**Ray PAGE, Warden of the Oklahoma State Penitentiary, Respondent.**

**No. A-13915.**

Court of Criminal Appeals of Oklahoma.

July 13, 1966.

Sid White, Oklahoma City, for petitioner.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Ass't. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding wherein petitioner, Howard R. Simpson, O. S. P. No. 59575, filed his petition for a writ of habeas corpus, alleging that he has served his two sentences in the State Penitentiary; and that the officials of the penitentiary are not allowing him full credits toward his release; that when such credits are allowed him, he will be entitled to be discharged from the penitentiary.

Petitioner is presently serving two sentences, one for a term of ten years, and the second for one year. His time on the ten year sentence commenced to run on August 17, 1960. Petitioner correctly alleges that he has been granted a total of 420 days leave of absence from the penitentiary. He contends further, that when such full leave time is applied toward his sentences, he will be entitled to be discharged from the penitentiary. However, this situation poses the question concerning whether or not petitioner is entitled to receive credit for those days he was on leave, when the leave of absence granted on or about April 4, 1962 was subsequently revoked on February 21, 1963.

Title 57 O.S.A. § 138 makes provision for granting such prisoner credit for "good time" and "work time" deductions from his prison sentence, and additional credit for the donation of blood to accredited agencies.

Title 57 O.S.A. § 350 provides:

"Every person (hereinafter referred to as 'convict') who has been or who in the future may be sentenced to imprisonment in any state penal institution *shall*, in addition to any other deductions provided for by law, be entitled to a deduction from his sentence for all time during which he has been or may be on parole; * * *."

This Court has previously held that this portion of the statute applies to "leaves of absence" granted by the Executive Authority of the State of Oklahoma. See: Application of Hughes, Okl.Cr., 372 P.2d 885; Moore v. State, Okl.Cr., 386 P.2d 648.

We are of the opinion that the meaning of the word "parole" as used in the statute, is intended to be synonymous with the meaning of the term "leave of absence", when applying the statute.

However, Title 57 O.S.A. § 350 makes the further provision:

"[P]rovided, however, that this Act shall not be applicable to time on a parole which has been or shall be revoked; * * *."

In the case at bar, petitioner was granted a leave of absence commencing on or about April 4, 1962, which was extended on several occasions. On February 12, 1963 petitioner was arrested in Tulsa, Oklahoma, while absent from the penitentiary on this same leave; and on February 21, 1963, because of his arrest, the Governor of the State of Oklahoma revoked petitioner's leave. That arrest, trial and conviction, was the cause for petitioner's one-year sentence.

We hold that the Governor's revocation of petitioner's leave of absence cancelled credit for "good time" for the entire period commencing on or about April 4, 1962 to and including the date the leave was revoked, on February 21, 1963. His good time would thereafter commence to run again on March 18, 1963, when he was returned to the penitentiary, subject to the provisions of Title 57 O.S.A. § 332.14, which recites:

"Upon the revocation by the Governor of a parole, the same shall automatically cancel all accumulated credits for work and good behavior and the same shall not thereafter be restored except by recommendation of the Classification Committee and written order of the Warden of the penal institution where the former parolee is incarcerated."

We are of the further opinion that petitioner is clearly entitled to good time credits for the time he was absent on leave when such leaves were not revoked. He is further entitled to such work credits as the records at the state penitentiary reflect, as well as that credit due for the donation of blood.

It is therefore the order of this Court that the Warden of the State Penitentiary, and the appropriate officials serving under his supervision, shall compute the time petitioner has served, allowing him all credits due, as hereinbefore set out; and after such has been accomplished, the Warden shall discharge petitioner when his records reflect the petitioner has met the requirements of the law.

It is so ordered.

BUSSEY, P. J., and NIX J., concur.