Billie Wayne SHELTON, Petitioner,

v.

Ray H. PAGE, Warden, and the State of Oklahoma, Respondents.

No. A–14274.

Court of Criminal Appeals of Oklahoma.

July 12, 1967.

As Corrected Aug. 17, 1967.

Billie Wayne Shelton, pro se.

G. T. Blankenship, Atty. Gen., for respondents.

BUSSEY, Judge:

Billie Wayne Shelton pled guilty in the District Court of Oklahoma County to the crime of Burglary in the Second Degree and was sentenced to serve three years imprisonment in the State Penitentiary. He was received at the Penitentiary on the 28th day of July, 1965 and thereafter, on the 24th day of March, 1966, he received a 45 day leave of absence which was terminated on the 5th day of May, 1966, when the Governor granted him a parole. His parole was revoked on the 22nd day of September, 1966, and he was returned to the State Penitentiary on the 21st day of October, 1966.

Petitioner now seeks his release from confinement alleging that he is entitled to his immediate release by reason of being credited with leave and parole time. Although the petitioner alleges that his parole was revoked without reason, the records of the Pardon and Parole Board do not support this contention.

In Simpson v. Page, Okl.Cr., 416 P.2d 635, this Court, speaking through the Honorable Tom Brett, in the second Syllabus, set forth the following:

"A paroled prisoner is entitled to credit for time on parole and statutory good time allowance, so long as he observes conditions of his parole, and if he breaches such conditions, upon revocation of parole all time served on parole is forfeited."

And further, 57 Okl.St.Ann. § 332.14 provides:

"Upon the revocation by the Governor of a parole, the same shall automatically cancel all accumulated credits for work and good behavior and the same shall not thereafter by restored except by recommendation of the Classification Committee and written order of the Warden of the penal institution where the former parolee is incarcerated."

It thus appears that the petitioner has not satisfied the judgment and sentence rendered against him and the writ prayed for is accordingly denied. Writ denied.

NIX, P. J., and BRETT, J., concur.