**Lawrence Charles HARKEY, Sr., Petitioner,**

**v.**

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–14818.**

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1969.

Lawrence Charles Harkey, Sr., pro se.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original proceeding in which Lawrence Charles Harkey, Sr., has petitioned this court for a writ of mandamus to direct the officials of the state penitentiary to give him credit for the time which he spent on leave from the penitentiary as a deduction from his term of imprisonment.

The prison records reflect that on June 23, 1964, Petitioner was received at that institution under authority of judgment and sentence from Oklahoma County, Case No. 29435, sentencing Petitioner to a three year term for the crime of bogus check. On September 8, 1965, Petitioner was granted a thirty day leave of absence from the penitentiary. Said leave was continued and on October 22, 1965, Petitioner was granted a parole by the Governor while still on leave.

Subsequently, on March 6, 1967, Petitioner was received at the penitentiary under the authority of judgment and sentence from Oklahoma County, Case No. 32746, sentencing Petitioner to a three and one-half year term of imprisonment for the crime of uttering a forged instrument. Thereupon, Petitioner was located at the

penitentiary as a parole violator and on March 21, 1967, his parole from the prior sentence was revoked. Petitioner's discharge date from the sentence imposed in Case No. 32746, taking into consideration his credit for work time and blood donation, along with the Christmas commutation was scheduled at December 20, 1968, at which time Petitioner is subject to be confined for the balance of his sentence in Case No. 29435 in which the parole was revoked.

It is Petitioner's contention that he should receive credit as a deduction from his term of imprisonment for the time which he spent on leave from the penitentiary from September 8, 1965, until October 22, 1965, when his leave was superseded by a parole. In view of the relevant statute and cases, and in the absence of a denial by the Respondent, we must concur with the contention of Petitioner.

57 O.S.1961, § 350, provides in part as follows:

"Every person (hereinafter referred to as 'convict') who has been or who in the future may be sentenced to imprisonment in any State penal institution shall, in addition to any other deductions provided for by law, be entitled to a deduction from his sentence for all times during which he has been or may be on parole; provided, however, that this Act shall not be applicable to the time on parole which has been or shall be revoked; * * *."

In Simpson v. Page, Okl.Cr.App., 416 P.2d 635, this court held:

"We are of the opinion that the meaning of the word 'parole' as used in the statute [57 O.S.1961, § 350], is intended to be synonymous with the meaning of the term 'leave of absence', when applying the statute.

*    *    *    *    *    *

"We are of the further opinion that Petitioner is clearly entitled to good time credits for the time he was absent on leave when such leaves were not revoked."

■ Thus a penitentiary inmate is entitled to good time credit toward the fulfilment of his prison sentence for the time he was absent from the penitentiary on leave when such leave was not revoked, although he "is not entitled to work credit while on leave." Darby v. Page, Okl.Cr. App., 425 P.2d 621.

■ In the instant case it was Petitioner's parole, and not his leave of absence, which was revoked. Accordingly, Petitioner under 57 O.S.1961, § 350, is not entitled to a deduction from his sentence for the time while on parole which began October 22, 1965, since said parole was revoked. However, Petitioner's leave of absence granted September 8, 1965, which was superseded by the Governor's parole on October 22, 1965, was not revoked. The parole revocation does not constitute the revocation of the leave since the leave of absence expired on the date parole was granted. We therefore find that Petitioner is entitled to have his term of imprisonment computed according to the relevant statutes and cases cited herein.

It is therefore ordered that the Warden of the Oklahoma State Penitentiary shall compute the time Petitioner has served, allowing him all credits due as herein set out; and after such has been accomplished, the Warden shall discharge the Petitioner whenever his records reflects that Petitioner has met the requirements of law. Writ granted.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of facts and conclusions of law were submitted by the Referee and approved and adopted by the Court.