## Ex parte CARL A. DOLL.

No. A-10114.   Sept. 24, 1941.
(117 P. 2d 547.)

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

BAREFOOT, P. J. The petitioner, Carl A. Doll, has filed his petition in this court for a writ of habeas corpus, alleging that he is now confined in the State Penitentiary at McAlester; that said confinement is by reason of two commitments issued out of the district court of Muskogee county and two commitments issued out of the district court of Wagoner county.

Petitioner first complains that he was brought from the State of Arkansas to Muskogee county, Okla., when no warrant had been issued for his arrest. The response filed by the warden of the penitentiary in this cause denies all the allegations of the petition, and no proof appears in the record to support this allegation. We therefore presume that this contention has been abandoned.

It is further alleged that petitioner was delivered to the Muskogee county jail and taken before a justice of the peace on October 3, 1938, and that he was bound over to the district court; that he demanded his legal rights be preserved, but they were refused by the justice of the peace; that petitioner was returned to the Muskogee county jail, and on October 4, 1938, he was taken to the county attorney's office, where it was agreed between the petitioner and the county attorney that he be allowed to plead guilty and receive a sentence of five years. This agreement was carried out, and petitioner was on the 4th day of October, 1938, sentenced to serve a term of five years in the penitentiary at McAlester on his plea of guilty.

It is further alleged that petitioner was immediately surrendered to the sheriff of Wagoner county, in violation of his rights, and that he remained in the county jail of Wagoner county from the 4th day of October, 1938,

to the 13th day of October, 1938, without any charges being filed against him; that on the 13th day of October, 1938, he was returned by the sheriff of Wagoner county to the sheriff of Muskogee county, where he was taken before a justice of the peace and waived preliminary hearing; that after having waived preliminary hearing, an information was filed against him in Muskogee county in case No. 6906; that this plea of guilty was given by reason of a "guarantee" of the county attorney of Muskogee county that his sentence would run concurrently with the sentence theretofore given on October 4, 1938, in case No. 6902; that immediately after sentence was received in each of the above cases, the petitioner was surrendered to the sheriff of Wagoner county, where on the 15th day of October, 1938, he was taken before the district judge of Wagoner county, and on his plea of guilty, two five-year sentences, to run concurrently, in cases Nos. 1958 and 1959, were entered. It is contended by petitioner that the judgments and sentences in 1958 and 1959 in Wagoner county are illegal and void for the reason that the record fails to show that any complaint was ever filed in the justice of the peace court of Wagoner county, that any preliminary complaint was ever filed or that any preliminary examination was ever had, but that the informations in these cases were originally filed in Wagoner county without any preliminary complaint being filed or any preliminary examination ever had.

It is finally contended that the judgments and sentences from Muskogee county having run concurrently and having been served in full, and that the judgments and sentences from Wagoner county being illegal and void, the petitioner is entitled to his release.

The contention of petitioner that the judgments and sentences in cases Nos. 6902 and 6906 from Muskogee

county, the first of which was rendered on October 4, 1938, and the second on October 13, 1938, respectively, should run concurrently, has been denied by this court in the case of In re Flowers, 71 Okla. Cr. 330, 111 P. 2d 509, 512. In that case Judge Jones discusses this question and reviews the authorities. It is there said:

"Before the court has jurisdiction to provide that the sentences shall run concurrently, the convictions must have been sustained in both cases before sentence has been pronounced in either. The only authority for concurrent sentences under our law must be derived from sections 3144 and 3145, supra, 22 Okla. St. Ann. § 976, 21 Okla. St. Ann. § 61. The power is granted to trial courts on the conditions there named. In all other cases, the sentences are consecutive.

"See Ex parte Bell, 34 Okla. Cr. 354, 246 P. 893; Ex parte Hudson, 44 Okla. Cr. 14, 279 P. 711; Ex parte Strader, 37 Okla. Cr. 285, 257 P. 1112; Ex parte Halbert, 45 Okla. Cr. 167, 282 P. 478; Ex parte Gilbert, 52 Okla. Cr. 260, 4 P. 2d 695; In re Johnson, 58 Okla. Cr. 209, 52 P. 2d 107."

The judgments and sentences in the two Muskogee county cases, Nos. 6902 and 6906, respectively, not running concurrently, petitioner has not served the judgment and sentence in those cases and is therefore not entitled to be released by writ of habeas corpus. As was stated in the Flowers Case, this is properly a question for the consideration of the Governor under the Constitution and statutes of this state. The judgment and sentence in case No. 6906 provides that "the sentence to run concurrent with sentence imposed in case No. 6902," showing that it was the intention and understanding of the county attorney and district judge that the judgments and sentences should run concurrently. Under the law as announced in the preceding cases cited, the court did not have authority to enter this order. The question of right-

ing this wrong is a matter that may be presented to the Governor under the Constitution and statutes of this state.

From what has heretofore been stated, it is unnecessary to discuss or pass upon the question of the legality of the judgments and sentences from Wagoner county. It is clear that the writ of habeas corpus should be denied. It is so ordered.

JONES and DOYLE, JJ., concur.