William Gordon ROBINSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14403.

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1968.

Ollie Gresham, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

William Gordon Robinson, hereinafter referred to as defendant, was charged, tried and convicted for the crime of Possession of Explosives After Former Conviction of a Felony. An indeterminate sentence of imprisonment in the state penitentiary for a term of from one to five years was imposed, and defendant appeals to this Court.

Briefly stated, the facts are that on the 13th day of December, 1966, Officer Conley observed the defendant driving a vehicle; he stopped the defendant for the offense of speeding and making an illegal turn, and arrested him. Officer Conley searched the defendant, while Lt. Creamer and Officer Burris searched defendant's car. A search of the defendant's person disclosed two primer caps and a search of the glove compartment yielded a package of Nitrogel. Thereafter, after having been advised of his constitutional rights, the defendant informed the officers that he intended to use the explosives to dynamite fish; however, on the trial, although the defendant did not testify in his own behalf, his witnesses testified in substance that he intended to use the explosives to dynamite tree stumps. Prior to the rendition of judgment and sentence, the following appears in the record:

"BY THE DEFENDANT: Your Honor, yes sir, I would like to have a few days, I have got some unfinished business to take care of.

BY THE COURT: Well, I mean on this verdict?

BY THE DEFENDANT: Oh, no.

BY THE COURT: Yes, your attorney spoke to me about that. Very well, have you filed a motion for new trial?

MR. GRESHAM: No, I haven't your Honor, and I would like to make a record, if I could regarding this matter. That I talked with this defendant in reference to this, and he tells me that he does not intend to appeal the case."

No Motion for New Trial was ever filed and judgment and sentence was pronounced in accordance with the verdict of the jury. Thereafter a timely appeal to this Court was duly filed and this appeal perfected.

 It is the defendant's principle contention that an officer making an arrest for a minor traffic violation has no right to search the defendant and his automobile. It is well settled that the right to make a search incident to a lawful arrest depends upon the particular facts surrounding the arrest and it is generally recognized that the right to search is limited to the immediate area surrounding the defendant. This right is recognized in order that the arresting officer may protect himself from injury from a concealed offensive weapon which the defendant might employ against him in resisting arrest or escaping therefrom. Under the circumstances here presented, the arrest for a traffic violation was a legal one and the arresting officer having knowledge that the defendant on prior occasions had carried concealed weapons, had a right and a duty to search the defendant and his immediate presence for any offensive weapon. The search of the defendant's person and the glove compartment of his automobile was certainly reasonable and incidental to the arrest and the explosives discovered as a result of said search were properly admitted into evidence.

Defendant urges in his brief that since 22 Okl.St.Ann. § 1060 was enacted in 1965 by the Oklahoma Legislature, it is now unnecessary to file a Motion for New Trial prior to the rendition of judgment and sentence in order to preserve a question for review on appeal. He further urges that absent the filing of a Motion for New Trial prior to the rendition of judgment and sentence, the prior decisions of this Court limiting the scope of review in such instances to fundamentally erroneous jurisdictional errors, are no longer applicable since the enactment of 22 Okl. St.Ann. § 1060, supra. We are of the opinion that 22 Okl.St.Ann. § 1060 does not obviate the necessity of filing a Motion for New Trial prior to the rendition of judgment and sentence in order to preserve alleged errors for review on appeal unless they are fundamental, jurisdictional errors, but was enacted solely for the purpose of simplifying the method of perfecting appeals. The underlying principal requiring that a Motion for New Trial be filed prior to the rendition of judgment and sentence, setting forth specifically those errors of which the defendant complains that he has been denied a fair trial, is founded upon the rationale that the trial court should be given an opportunity to intelligently consider and pass upon the alleged errors prior to the rendition of the judgment and sentence. It is reasoned that if the trial court is apprised of the commission of prejudicial errors, then he will correctly grant a new trial, thus obviating the necessity of the costly expense of an unnecessary appeal to this Court.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

NIX, P. J., and BRETT, J., concur.