Jerry Wayne **FOX, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–17363.**

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1972.

Curtis P. Harris, Dist. Atty., Bill J. Bruce, Asst. Dist. Atty., Oklahoma County, for appellant.

E. Melvin Porter, Oklahoma City, for appellee.

Jerry Wayne Fox, pro. se.

Larry Derryberry, Atty. Gen., for respondent.

## OPINION

BRETT, Judge:

This is an original proceeding for a writ of mandamus in which Petitioner, an inmate of Oklahoma State Penitentiary, requests the Respondent to correct an error in the records of the penitentiary which show Petitioner with serving a subsequently imposed sentence before serving an unexpired prior sentence. After Petitioner had been released from the penitentiary on parole, he was returned as a parole violator and for a new sentence imposed for a crime committed while he was on parole.

■ It is the general rule, applied in most jurisdictions, that where a prisoner, conditionally released on parole, commits another offense and is sentenced to another term and, for violation of parole, must complete the unexpired portion of his first term, the unexpired portion of the paroled sentence must first be served, and the subsequent sentence commences to run from the date of the termination of the earlier sentence. In some instances the prisoner does not begin to serve the unexpired term of his first sentence until the date of formal revocation of his parole. 24B C.J.S. Criminal Law § 1996(5). Such is the law in this jurisdiction. Sentences are to be served consecutively in the order of their imposition. 21 O.S.1971, § 61. Ex parte McCollum, 90 Okl.Cr., 153, 212 P.2d 161 (1949). Penitentiary officials do not have the discretion of crediting time served by inmates on either of two or more convictions, but must credit time on the first conviction sustained by the inmate until it has been satisfied. Ex parte Grimes, 92 Okl. Cr. 87, 221 P.2d 679 (1950). If an inmate's parole is revoked before he is returned to the penitentiary under a new sentence for an offense committed while he was on parole, he must be "booked in" as serving the remainder of the first sentence as a parole violator before he is credited with time on the subsequent sentence. Dodd v. Page, Okl.Cr., 449 P.2d 897 (1969). Marsh v. Page, Okl.Cr., 450 P.2d 846 (1969).

■ Petitioner was initially received at Oklahoma State Penitentiary on April 9, 1964, to serve a seven-year sentence for automobile larceny from Stephens County, Case No. 3510. He was paroled on August 12, 1966. The penitentiary records show this parole was revoked on October 24, 1966; thereafter, Petitioner was then returned to the penitentiary on December 21, 1966, and booked in as serving a ten-year sentence for robbery from Tulsa County.

A detainer was placed on his records to serve the unexpired portion of the initial Stephens County sentence upon completion of the subsequently imposed Tulsa County sentence. Since Petitioner's parole was revoked on the prior sentence before he was received at the penitentiary on the subsequent sentence, he should have been booked in and credited with serving the unexpired portion of his first term prior to crediting him with service on the second term. Not only does the law require sentences to be served in the order of their imposition, but also there is a practical consideration as an inmate is not considered for parole if he has a detainer to serve another or unexpired sentence. Thus, while this may appear to be a mere record-keeping error, it has substantial consequences.

It is therefore ordered that the penitentiary records shall be corrected to reflect that Petitioner began serving the unexpired portion of his first sentence from Stephens County on December 21, 1966, when he was returned to the penitentiary as a parole violator. When, allowing earned credits, the first term is satisfied the records should reflect the commencement of the subsequent sentence from Tulsa County.

Writ granted.

BUSSEY, P. J., and SIMMS, J., concur.