Roosevelt LEE, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-83-745.

Court of Criminal Appeals of Oklahoma.

June 5, 1985.

---

16. Id. at 238.

17. McQuillin, supra note 5; *Hunsucker*, supra, note 12 at 102–103; *Johnston v. Chicago*, 258 Ill. 494, 101 N.E. 960 (1913).

James T. Rowan, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., State of Oklahoma, Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Roosevelt Lee, Jr., was tried and convicted for Murder in the First Degree in Oklahoma County District Court. His punishment was assessed at life imprisonment, and we affirm his judgment and sentence.

On February 13, 1983, the body of the night watchman, Jerry "Hamburger" Moore, was found on the premises of the Red Dog Saloon at approximately 8:00 a.m. by the janitorial service workmen. Mr. Moore had slept within the bar as he usually did, and the evidence at trial revealed that he died from blunt blows to the top of his head.

It was discovered upon investigation by police officers that the coin receptacle of a number of the game machines in the bar had been emptied. There was a timed videotape camera which surveilled the front room of the bar and its lens had been covered by styrofoam cups at 4:31 a.m. on

the morning of February 13. But at 4:17 a.m., it revealed appellant with his back to the camera facing the front door, then it showed appellant walking in front of the camera in the direction of the bar area. It depicted appellant wearing coveralls, boots and a soft cap which were recovered later that day from his apartment. Two latent fingerprints of appellant were also recovered by police investigators from the styrofoam cups placed on the camera lens.

Appellant was arrested after the owner of the bar reviewed the videotape of that day and identified him. Appellant worked as a member of the bar's janitorial crew. When arrested, police found in the front seat of appellant's automobile the other part of a key which was found the morning of the homicide broken off in the bar's door. A search of appellant's apartment revealed a gun similar to that which belonged to the victim and over $730.00 in quarters.

Appellant initially denied the crime when questioned by police officers, but upon being told what evidence had been gathered, made a confession to the crime. He admitted that he had been drinking the previous evening when someone slipped him something that made him "go crazy." He went to the Red Dog Saloon by mistake, thinking it was his day to do cleaning there. He awakened the victim when he entered the bar, who supposedly told him, "It looks like I'm going to have to kill you one of these days." At that, the victim laid back down, but appellant went to the backroom and found a pipe. He went back and hit the victim in the head with it. He told the officers he hit the victim a second time when the victim started to raise up on the bed. He then broke into the coin receptacles on the various machines in the bar, and left after covering the victim's head with his blanket. The victim was found dead in a pool of blood with brain contents exposed.

At trial, appellant denied these statements and claimed that two men forced him to unlock the bar door that morning, who then killed the victim and stole the change. He admitted that he was the individual in the videotape. Appellant claimed to have narrowly escaped from the two men, with the money still in his automobile. He never reported this story to the police prior to trial.

Appellant first assigns error to the trial court's refusal to instruct the jury as to Murder in the Second Degree. He claims that there was evidence supporting the view that the killing occurred during the course of Burglary in the Second Degree, and that this was a lesser included crime. We do not agree.

■■■ Appellant's evidence at trial was that he did not commit the offense. The State's evidence was that appellant killed Moore with malice aforethought. The trial court is to instruct the jury on every degree of homicide which the evidence in any reasonable view suggests. *Smith v. State*, 635 P.2d 615 (Okl.Cr.1981). But neither the State's nor the appellant's evidence supports a charge of Burglary in the Second Degree, and, therefore, will not support Murder in the Second Degree. If any felony besides the homicide was proved, it was robbery. And had the State successfully proved robbery, the conviction would remain Murder in the First Degree. 21 O.S.1981, § 701.7. The trial court did not err on this point.

■■■ Appellant next claims the trial court erred in admitting into evidence the videotape from the bar's camera without proper authentication as required by the evidence code (12 O.S.1981, § 2901(B)(1)). Appellant failed to properly specify this assignment to the trial court or to this Court, and has thus waived review except for fundamental error. *Nutter v. State*, 658 P.2d 492 (Okl.Cr.1983); *Robinson v. State*, 444 P.2d 845 (Okl.Cr.1968). The owner of the bar testified at trial that he viewed the videotape after he removed it from the camera on the day of the homicide. He then testified that when he saw it at trial, it was the same tape though it had not been in his custody in the interim. We find no fundamental error in its authentication. *See generally Smith v. State*, 659

P.2d 330 (Okl.Cr.1983); *Broadus v. State,* 553 P.2d 515 (Okl.Cr.1976); *Williams v. State,* 542 P.2d 554 (Okl.Cr.1975), vacated on other grounds 428 U.S. 907, 96 S.Ct. 3218, 49 L.Ed.2d 1215 on remand 554 P.2d 109 (1976).

At trial, only one of the two police officers who took appellant's confession was present and testified. This officer, Detective Andrew, testified that Detective Martin recited the *Miranda*[1] warning to appellant prior to interrogation. Detective Andrew testified that Detective Martin recited it from memory and did not read it. He further testified that he was quite familiar with the warning and that he knew Detective Martin recited it correctly, but did not remember the exact words. Appellant claims Detective Andrew presented only inadmissible hearsay testimony that appellant was advised of his constitutional rights.

The statement by Detective Andrew was not hearsay as it was not admitted to prove the truth of the matter asserted therein. 12 O.S.1981, § 2801. Its relevance was only in that it was made, and such statements are not considered inadmissible hearsay. *Nunley v. State,* 660 P.2d 1052 (Okl. Cr.1983). We have previously held, too, that proof that *Miranda* warnings were given may be made by anyone who was present and heard it. *Dodson v. State,* 562 P.2d 916 (Okl.Cr.1977).

Appellant asserts that his confession was not voluntary because it was taken at a time when he may still have been under the influence of intoxicants, when he had missed all sleep the previous night, and because he was not well educated and probably had a below average intelligence quotient. He claims his will to resist his interrogators was overborne under prolonged and extensive interrogation. The issue of the voluntariness of appellant's confession was twice decided in the affirmative: once by the judge and once by the jury. *See Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

The test of admissibility is "whether, despite a low emotional or mental stability, the accused voluntarily and intelligently waived his right to remain silent prior to his confession." *Tarver v. State,* 651 P.2d 1332, 1334 (Okl.Cr.1982). And unless an individual's degree of retardation or intoxication is so great as to deprive him or her of the capacity to understand the meaning and effect of the statement, they are only circumstances to be considered in determining its voluntariness. *See Phillips v. State,* 650 P.2d 910 (Okl.Cr. 1982).

In this case, appellant was questioned about 9:00 p.m. on February 13, 1984. The only evidence of intoxication, according to the evidence presented to the court, was that appellant thought someone had slipped something in his drink on the previous evening which made him go "crazy." The officers did not believe appellant to be intoxicated. Nor do we believe, based upon the record, that appellant's low intelligence, intoxication or lack of sleep prevented him from understanding the consequences of giving the confession. Appellant's refusal to sign a written statement for the questioning officers is a substantial indication he was aware of its significance. On the record, we do not find reason to believe coercive tactics of police officers overbore appellant's will, forcing a confession. We conclude from a review of the record that the appellant voluntarily and intelligently made admissions to the police officers, as the judge and jury also found at trial. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

At trial, Detective Andrews was allowed to testify, over defense's objection, that he told appellant during questioning that he had heard from another officer that the victim had previously told someone that appellant had several days prior to the homicide gone to the Red Dog Saloon about 4:00 a.m. one morning, and the victim "had to throw Roosevelt out because he was in

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.     1602, 16 L.Ed.2d 694 (1966).

there and wasn't part of the clean-up crew...." The officer was allowed to testify to making this statement to appellant simply for the purpose of demonstrating appellant's response to it, not to prove the truth of the matter asserted. Appellant claims that it was inadmissible hearsay, but we do not agree. The statement was not an assertion. 12 O.S.1981, § 2801(1) and (3).

> The hearsay rule, ... does not operate ... to render inadmissible every statement repeated by witness as made by another person. It does not exclude evidence offered to prove fact that a statement was made or a conversation was had, rather than the truth of what was said. Where the mere fact that a statement was made or a conversation was had is independently relevant, regardless of its truth or falsity, such evidence is admissible.

*Wells v. State*, 559 P.2d 445, 450 (Okl.Cr. 1977) (citing 29 Am.Jur.2d, *Evidence*, § 497). The situation in *Wells* was quite like the present circumstances, and we found, as we do here, no error.

Finally, appellant claims the trial court erred by refusing to order a presentence investigation as he requested. We agree that 22 O.S.Supp.1982, § 982 is mandatory, and since the trial court could have suspended all or part of his sentence, this was error. *Smith v. State*, 594 P.2d 784 (Okl.Cr.1979); see also *Orgill v. State*, 660 P.2d 649 (Okl.Cr.1983).

For the foregoing reasons, the judgment is AFFIRMED and the case REMANDED to the district court for resentencing in accordance with *Smith v. State*, supra.

PARKS, P.J., and BRETT, J., concur.