COMMONWEALTH *vs.* MICHAEL J. GUILFOYLE. December 5, 1985. *Evidence,* Prior conviction, Judicial discretion. *Practice, Criminal,* Impeachment by prior conviction.

The defendant was found guilty by a six-person jury in a District Court of larceny of more than $100 and of breaking and entering a building in the daytime with intent to commit a felony. After sentencing, he appealed and the Appeals Court in an unpublished order affirmed his convictions. 19 Mass. App. Ct. 1108 (1985). We took the case on an application for further appellate review. We reverse the convictions. The defendant raises several issues on appeal, but we treat only one because it is unlikely that the others will arise on retrial.

The trial judge permitted the Commonwealth to introduce in evidence the defendant's record of conviction for receiving stolen property. See G. L. c. 233, § 21 (1984 ed.). Without more, this ruling would not necessarily be error because we have said that a trial judge has discretion to admit or

exclude records of conviction. We have said that he may exclude a record of conviction when it is offered to impeach a witness or defendant who testifies "where the likely prejudice to the defendant is most intense." *Commonwealth* v. *Chase*, 372 Mass. 736, 750 (1977). *Commonwealth* v. *Knight*, 392 Mass. 192, 194 (1984). However, if a judge admits a record on the mistaken belief that he has no discretion to exclude it, he has committed an error of law in failing to recognize that he had discretion. See *Commonwealth* v. *McFarland*, 15 Mass. App. Ct. 948, 949 (1983). In *Commonwealth* v. *Maguire*, 392 Mass. 466, 470 (1984), we ruled for the first time that the exercise of discretion in admitting a record of conviction was subject to appellate review. *Maguire* set forth the criterion by which we would review a judge's exercise of discretion in providing that the "question on appeal will normally be whether there was an abuse of discretion in admitting evidence of a prior conviction because the danger of unfair prejudice outweighed the probative value of the evidence of a prior conviction for the purposes of impeachment." *Id.*

In the instant case the judge told counsel: "I think it is germane . . . that you have a receiving stolen property and this case, [the defendant] is alleged to be the thief and in the prior case, he is alleged to have been in possession of property knowing it to be stolen, *so I think that if I were a fact-finder, I think that there is a direct relationship between the receiving charge and the charge presently before the Court*, so I would deny the Motion to Exclude the Impeachment of the defendant by the use of these two prior convictions"[1] (emphasis added).

It is not clear that the judge recognized that he had discretion to exclude the records of conviction, but it is perfectly clear that he admitted them because of the similarity between the crime of which the defendant was convicted and the crime on which he was then standing trial. This similarity is precisely the "unfair prejudice" to which the language of *Maguire* is directed. It is all too easy for a jury to surmise that if a defendant earlier committed a crime, he probably committed the crime for which he is being tried, particularly if the crimes are similar. See *Commonwealth* v. *DiMarzo*, 364 Mass. 669, 680-682 (1974) (Hennessey, J., concurring). It would seem that the judge considered similarity of crimes to be the basis for admission of the records of conviction instead of a reason for excluding them. In the face of this error, we cannot allow the convictions to stand.

*Judgments reversed.*
*Verdicts set aside.*

*Jane Larmon White*, Committee for Public Counsel Services, for the defendant.

*Mary Ellen O'Sullivan*, Assistant District Attorney, for the Commonwealth.

---

[1] The other conviction was for assault and battery.