John Louis WALKER, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. C–86–142.

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1989.

Pete Gelvin, Asst. Public Defender, Oklahoma County Public Defender, Oklahoma City, for petitioner.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Oklahoma City, for respondent.

## OPINION

PARKS, Presiding Judge:

Petitioner, John Louis Walker, entered pleas of guilty in Oklahoma County District Court, before the Honorable John Amick, District Judge, in three separate cases: (1) Case No. CRF–84–1997—application to revoke a suspended sentence for Driving Under the Influence of Intoxicating Liquor; (2) Case No. CRF–85–53—application to revoke suspended sentence for Driving Under the Influence of Intoxicating Liquor, Second Offense; and (3) Case No. CRF–85–4292—Attempted Robbery with a Dangerous Weapon, After Former Conviction of Two or More Felonies. After a hearing, the judge ordered that petitioner's suspended sentences of two (2) and five (5) years be revoked and sentenced him to twenty (20) years imprisonment for Attempted Robbery with a Dangerous Weapon After Former Conviction of Two or More Felonies, all to run consecutively. Petitioner filed an application to withdraw his pleas, and after a hearing, said application was denied. From this, petitioner appealed to this Court.

As his first assignment of error, petitioner asserts it was an abuse of discretion for the trial court to refuse to run his sentences concurrently. At the hearing on petitioner's application to withdraw his guilty pleas, there was a discussion as to whether the trial judge had the authority under 22 O.S.Supp.1985, § 976 to run all of petitioner's sentences concurrently. Section 976 reads as follows:

§ 976. Sentencing for multiple offenses—Concurrent sentences.

If the defendant has been convicted of two or more felonies before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offense. *Provided, that the sentencing judge shall, at all times, have the discretion to enter a sentence concurrent with any other sentence.* (Emphasis added).

During the hearing, petitioner argued that the trial judge had the authority to run all three sentences concurrently. The prosecutor disagreed because the sentences had been imposed at different times: The first suspended sentence was imposed in June, 1984; the second suspended sentence was imposed in April, 1985; and the sentence for the attempted robbery was imposed in November, 1985. Thus, the prosecutor concluded that running the sentences concurrently was not within the authority of the trial court as it would effectively "modify" petitioner's sentences. The record reveals that the trial judge was inclined to run all three sentences concurrently, but felt it was not within his discretion. (Tr. at 5, 9).

The State relies on *Application of Neitch*, 355 P.2d 1011 (Okla.Crim.App. 1960), wherein this Court held that a trial court was without authority to run concurrently sentences which were imposed at different times. In *Neitch*, the defendant had been given a suspended sentence, and thereafter was convicted of another of-

fense. Although the trial judge allowed the two sentences to run concurrently, this Court interpreted 22 O.S.1951, § 976 to allow only concurrent sentences when a defendant is convicted of two or more crimes but has not been sentenced.

■ However, after the *Neitch* decision, Section 976 was amended to permit the trial judge to run any sentence concurrent with any other sentence. Now, a trial court may *at all times* order that any sentence run concurrently with any other sentence. Hence, prior case law holding to the contrary is no longer dispositive of this issue. *See, e.g., Bearden v. State*, 392 P.2d 55, 58 (Okla.Crim.App.1964); *Neitch*, 355 P.2d at 1013; *Ex Parte Doll*, 73 Okl.Crim. 34, 117 P.2d 547, 548 (1941).

■ Although we have determined that the trial judge had the authority to run the sentences concurrently, petitioner is entitled to relief only if the trial court abused its discretion in refusing to do so. Appellant argues that when the trial court is "under a mistaken impression of law that it has no discretion in a particular matter, it cannot be said that a proper exercise of discretion has been made." *Brief of Appellant*, at 9. An "abuse of discretion" has been defined by this Court as a "clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented in support of and against the application." *Stevens v. State*, 94 Okl.Crim. 216, 232 P.2d 949, 959 (1951). In *Commonwealth v. Guilfoyle*, 396 Mass. 1003, 485 N.E.2d 679, 681 (1985), the Massachusettes Supreme Court held that if a judge admits, on the record, that he believes he has no discretion, and it is later determined that he in fact had discretion, then he has committed an error of law. In the present case,, the judge stated he was inclined to run the sentences concurrently, but felt he was not authorized to do so. As such, we must remand to the district court for resentencing in light of our interpretation of Section 976. *See Lee v. State*, 700 P.2d 1017, 1021 (Okla.Crim.App.1985); *Reams v. State*, 551 P.2d 1168, 1170 (Okla.Crim.App.1976).

■ In his second proposition, petitioner claims that the trial court accepted his pleas without first establishing a factual basis as required by *King v. State*, 553 P.2d 529, 535 (Okla.Crim.App.1976). Specifically, petitioner asserts that there was no factual basis with regard to the prior felony convictions. The transcript of the plea proceedings reveals that petitioner knew and acknowledged he was charged with attempted robbery after former conviction of two or more felonies. Petitioner also signed the summary of facts sheet which clearly pointed out that he was being charged as a habitual offender. (O.R.84) Under these facts, we believe the standards of *King* were met. *See Davis v. State*, 704 P.2d 497, 499 (Okla.Crim.App.1985). This assignment is without merit.

■ Lastly, petitioner urges that the trial court erred by accepting a guilty plea in Case No. CRF–85–53 insofar as the State never filed an application to revoke. A review of the record indicates that no application to revoke was ever filed in Case No. CRF–85–53. In *Bewley v. State*, 742 P.2d 29, 30 (Okla.Crim.App.1987), this Court held "that a trial court has jurisdiction, that is, the judicial power and authority to hear and determine the issue of revocation, only if an application to revoke the suspended sentence is filed before the expiration of the sentence." Furthermore, 22 O.S.1981, § 991b, which governs the revocation of a suspended sentence, clearly states that " ... the suspended sentence of said person may not be revoked, in whole or in part, for any cause unless a petition setting forth the grounds for such revocation is filed by the district attorney ... " Thus, the trial court was without jurisdiction in Case No. CRF–85–53. The revocation order in Case No. CRF–85–53 is hereby REVERSED and REMANDED with instructions to DISMISS.

For the reasons discussed above, the judgment and sentence in CRF–85–53 is REVERSED and REMANDED with instructions to DISMISS. The remaining convictions, CRF–84–1997 and CRF–85–4292, are AFFIRMED but REMANDED

for further proceedings in accordance with the views expressed in this opinion.

BRETT, J., concurs.

LANE, V.P.J., specially concurs.

LUMPKIN, J., concurs in part/dissents in part.

LANE, Vice Presiding Judge, specially concurring:

I concur in the decision of the majority. I write now to specially state that I do not believe that the reversal and dismissal of the order that revokes the suspended sentence in CRF–85–53 precludes the State from properly filing a new application. If the court did not have jurisdiction, all proceedings are void and the case is returned to the posture it maintained prior to the revocation hearing.

LUMPKIN, Judge, concurring in part/dissenting in part.

I concur in the Court's decision affirming the guilty pleas in CRF–84–1997 and CRF–85–4292 and reversing the revocation in CRF–85–53 for lack of jurisdiction. However, I must dissent to the remand for further proceedings in CRF–84–1997 and CRF–85–4292. This Court is authorized to modify a sentence but does not have the authority to remand for resentencing in an appeal from a plea of guilty by Petitioner for writ of certiorari in a non-capital case. 22 O.S.1981, § 1066. *See also Dean v. State*, 778 P.2d 476 (Okl.Cr.1989). Resentencing in non-capital cases is only authorized as a remedy under the Post–Conviction Procedure Act. 22 O.S.1981, § 1085.

The record is not sufficient to warrant a modification of the sentences. Based on the facts of the case I find no abuse of discretion and would affirm the plea and sentences in CRF–84–1997 and CRF–85–4292.