2004 OK CR 8

**Ronald W. WILLIAMS, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–2003–1074.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 2004.

## ORDER REMANDING POST–CONVICTION MATTER FOR FURTHER PROCEEDINGS

¶ 1 On October 1, 2003, Petitioner, a prisoner in the custody of the Oklahoma Department of Corrections, filed with the Clerk of this Court a pro se Petition in Error. Through this Petition he appeals a September 4, 2003, order pronounced in the District-CourtofTulsaCounty by the Honorable Gordon McAllister, District Judge, Case No. CF–2002–4097. Judge McAllister's order denied a post-conviction pleading that Petitioner filed in the District Court on June 2, 2003. Petitioner's pleading was entitled "Motion to Amend Sentence and Modify the Same *Nunc Pro Tunc*" (hereinafter referred to as "Motion to Amend").

¶ 2 In CF–2002–4097, Petitioner, while represented by counsel, was sentenced on September 19, 2002, to a term of six years imprisonment for Burglary in the Second Degree. This conviction followed a plea of guilty, which, according to Petitioner and the order appealed, was entered pursuant to a plea agreement with the State. Pursuant to the agreement, the District Court was to sentence Petitioner to a six-year term of imprisonment, and it was also to order that term to be served concurrently with those terms of imprisonment imposed in two earlier Tulsa County District Court matters, Case

Nos. CF–98–6028 and CF–98–6177 (hereinafter referred to as the "1998 terms"). The limited post-conviction appeal record before us indicates the District Court did indeed, when sentencing Petitioner, order that his burglary sentence be served concurrently with Petitioner's 1998 terms. Petitioner did not appeal his burglary conviction.

¶ 3 Within his Motion to Amend, Petitioner complained that the Department of Corrections was refusing to permit him to serve his burglary term of imprisonment and his 1998 terms concurrently. Attachments to Petitioner's Motion indicated that when Petitioner's burglary sentence was imposed, Petitioner was on parole upon the 1998 terms, and that it was not until March 24, 2003, that the Governor revoked this parole. (O.R. 8–9.) The Governor's Certificate of Parole Revocation ordered that the remaining unexecuted portion of Petitioner's 1998 terms "run consecutively with the term received in CF 02–4097," Petitioner's burglary sentence. (O.R. 9.) Because Petitioner believed that the Governor's executive order for consecutive service of the 1998 terms was contrary to the plea agreement made with the State in his burglary case, Petitioner asked the District Court "that the [burglary] Judgement and Sentence be modified from six to two years and six months to serve, with the parole revocation of 1300 days to be served consecutively for a term in full of six years, as the plea agreement provides." (O.R. 6–7.)

¶ 4 The District Court construed Petitioner's Motion to Amend as a claim for the writ of habeas corpus. The District Court held:

> In essence, this is a claim that the petitioner will be held longer than the time called for in the Judgment and Sentence. This claim amounts to nothing more than a premature claim for release from custody. The District Court will [therefore] treat this application as a writ of habeas corpus.

(O.R. 19.) Having so held the District Court concluded that it must deny Petitioner habeas relief for two reasons: first, "it lacks venue in this case because the Petitioner is confined in Payne County and not in Tulsa County" (*id.*); and secondly, because Petitioner did not prove that he was entitled to immediate release (O.R. 20–21).

¶ 5 Petitioner argues that his claim was properly brought under the Post–Conviction Procedure Act and that it was error for the District Court to treat his motion as a habeas matter and thereby deny him the modification order for which he prayed. We **FIND** that it was indeed error for the District Court to construe Petitioner's Motion to Amend as an action for the writ of habeas corpus rather than as a claim for post-conviction relief.[1] We further find that this error requires that Petitioner's matter be remanded to the District Court for further proceedings under the Post–Conviction Procedure Act.

 ¶ 6 Construed in the light most favorable to Petitioner, his Motion to Amend alleged that he entered his plea of guilty to Burglary in the Second Degree pursuant to a plea agreement that would require, if the agreement was accepted by the District Court, that the sentence imposed be served concurrently with his 1998 terms of imprisonment. Petitioner's Motion to Amend may further be construed as acknowledging that the District Court did indeed order the burglary sentence to be served concurrently with the 1998 terms, but that the District Court's order was not being carried out because of the directives within the Certificate of Parole Revocation.

¶ 7 From the foregoing it becomes apparent that Petitioner's complaint does not lie with that which occurred within his burglary case, for in that case the District Court entered those orders required by the plea agreement. Rather Petitioner's complaint is with that directive within the Certificate of Parole Revocation directing that his 1998 terms be served consecutively with the term received in CF 2002–4097. It is therefore within the parole revocation proceedings where Petitioner's complaint properly lies.

 ¶ 8 A person who believes that his parole has been unlawfully revoked is per-

---

1. Because we find that Petitioner's Motion to Amend should have been construed as an application for post-conviction relief, we allow Petitioner's matter to proceed in this Court under the authority of 22 O.S.2001, § 1087, as an appeal from a final judgment denying post-conviction relief.

mitted to challenge that revocation through post-conviction proceedings.[2] Such a post-conviction action may be commenced once the Governor has formally revoked parole.[3] The proper venue for a post-conviction action challenging a revocation of parole is "the county in which the person's Judgment and Sentence on conviction was imposed."[4] It is under these authorities that Petitioner may commence a post-conviction action challenging the Certificate of Parole Revocation. The action should be commenced within Case Nos. CF–98–6028 and CF–98–6177, the cases imposing those sentences upon which Petitioner was paroled and thereafter had his parole revoked.

■ ¶ 9 Upon commencing such a post-conviction proceeding and giving proper no-tice, Petitioner may then proceed to establish that the Governor exceeded his authority when he included within the Certificate of Parole Revocation a directive that Petitioner's 1998 terms must be served consecutively to the term imposed in CF–2002–4097. Petitioner's legal basis for this claim rests upon 22 O.S.2001, § 976, which provides that "the sentencing judge shall, at all times, have the discretion to enter a sentence concurrent with any other sentence."[5] Because the Legislature has vested sentencing judges with authority to order sentences to be served concurrently, the Governor cannot override a judge's lawful order for concurrent terms of imprisonment.[6] Neither can the Governor, in an *ex post facto* fashion, increase the sentence previously rendered in a final judgment and sentence.[7] Once estab-

**2.** 22 O.S.2001, § 1080(e); *Delfrate v. Oklahoma Dep't of Corrections*, 1999 OK CR 42, ¶ 16, 991 P.2d 549, 552 ("a challenge to the validity of a revocation of parole is to be brought, not in a petition for writ of habeas corpus, but as an application for post-conviction relief"); *see also Hoover v. State*, 2001 OK CR 16, ¶ 3, 29 P.3d 591, 593 (an appeal from a "revocation of parole is governed by post-conviction procedures").

**3.** *Frazier v. State*, 2002 OK CR 33, ¶ 13, 59 P.3d 512, 516.

**4.** *Delfrate*, ¶ 22, 991 P.2d at 553.

**5.** This same statute also gives authority for the sentencing judge to specifically order consecutive sentences "[i]f the defendant has been convicted of two or more offenses" and is awaiting judgment on those offenses. 22 O.S.2001, § 976. In such cases the sentencing judge may make the judgment "be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses." *Id.*

**6.** This conclusion also finds support within 21 O.S.2001, § 61.3. This statute deals with the Governor's power to order concurrent parole revocations. Section 61.3 provides that the Governor, when revoking the parole of a defendant who "is also under sentence from a federal court or another state's court," may in such instances "direct that custody of the defendant be relinquished to the federal or another state's authorities and that such parole revocation may run concurrently with the federal or another state's sentence which has been imposed." *Id.* Section 61.3 then states, "The Governor may also order that a parole revocation run concurrently with any other sentence rendered by an Oklahoma state court." Notably this statute makes no specific grant of authority to the Governor to order a parole revocation to be served *consecutively* to another sentence. The statute only grants the Governor a special power to order *concurrent* sentences. In cases where the Governor chooses not to exercise this limited special power to order concurrent terms, then the revoked parole term will be served in the manner specified within the Judgment and Sentence; and if the Judgment and Sentence does not specify, it runs as otherwise required by operation of law. *Cf.* 21 O.S.2001, § 61.1 (providing that sentences are to be served by a defendant in the order in which they are received by the institution "unless a judgment and sentence provides that it is to run concurrently with another judgment and sentence").

**7.** Although the constitutional prohibition against *ex post facto* laws is generally recognized as being applicable only to retrospective legislative enactments, we find those principles underlying the *ex post facto* doctrine logically compel the prohibition of retrospective decrees by the Executive branch of government, which increase a final judgment and sentence entered in a criminal prosecution. The decision in *Ekstrand v. State*, 1990 OK CR 21, 791 P.2d 92, illustrates that an existing sentence may not be lengthened by subsequent government action. In *Ekstrand,* the government attempted to apply a new earned credit statute that would cause a prisoner's credits to be calculated in a way which would reduce those credits granted by the statute in existence at the time of the prisoner's offense. The Court held that such "reduction lengthens the period that someone in petitioner's position must spend in prison," and thus "constricts an inmate's opportunity to earn early release, and thereby makes more onerous the punishment for crimes committed before its enactment." *Id.* ¶ 11, 791 P.2d at 95. The Court concluded, "This result

lishing that the Governor exceeded his authority in ordering consecutive service of Petitioner's terms of imprisonment, Petitioner would be entitled to a post-conviction judgment in his favor. This judgment should either order that the unlawful portion of the Certificate of Parole Revocation be stricken or order that the Governor file an Amended Certificate of Parole Revocation that omits the unlawful directive for consecutive service of Petitioner's terms of imprisonment.

¶ 10 **IT IS THEREFORE THE ORDER OF THIS COURT** that the September 4, 2003, order of the District Court of Tulsa County, Case No. CF–2002–4097, is **REVERSED AND REMANDED** for further proceedings. Upon remand the District Court shall afford Petitioner an opportunity to retain counsel, or if indigent, shall appoint counsel for Petitioner unless waived on the record after proper disclosures. The District Court shall then, in accordance with the analysis set out in this order, permit Petitioner an opportunity to amend his post-conviction pleadings to challenge that directive within the parole revocation that requires Petitioner's terms of imprisonment in Case Nos. CF–98–6028 and CF–98–6177 to be executed consecutively to Petitioner's term of imprisonment-in Case No. CF–2002–4097.

¶ 11 **IT IS THE FURTHER ORDER OF THIS COURT** that upon Petitioner amending his post-conviction pleadings, the District Court shall adjudicate the same and enter a final judgment thereon in a manner that comports with the relevant procedures set forth in 22 O.S.2001, § 1083, and if an evidentiary hearing is deemed necessary, Section 1084. The District Court's final order shall set out its specific findings of fact and conclusions of law in regard to the matters presented.

¶ 12 **IT IS THE FURTHER ORDER OF THIS COURT** that when entering its final judgment, the District Court shall specify the pleadings, documents, exhibits, and specific portions of the record and transcripts considered in adjudicating Petitioner's post-conviction claims. *See* Rule 5.4(A), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2004). Upon completion of its final order, a certified copy thereof setting

forth findings of fact and conclusions of law shall be mailed or personally delivered to Petitioner (and his counsel, if any) as required by Rule 5.3(A). An additional certified copy of the final order shall also be transmitted to the Clerk of this Court to be filed herein within sixty (60) days from the date of today's Order.

¶ 13 **IT IS THE FURTHER ORDER OF THIS COURT** that upon the filing of the District Court's final judgment with the Clerk of this Court, this Court will then enter such other orders as may be necessary for final disposition of this post-conviction appeal.

¶ 14 The Clerk for the Court of Criminal Appeals is directed to transmit a copy of this Court's Order to the Honorable Gordon McAllister, District Judge; to the Tulsa County Court Clerk; and to Fred J. Morgan, Assistant District Attorney; as well as to Petitioner.

¶ 15 **IT IS SO ORDERED.**

¶ 16 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 12th day of February, 2004.

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge

/s/ Steve Lile
STEVE LILE, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge

simply runs afoul of the prohibition against *ex post facto* laws." *Id.*