2006 OK CR 23

Haskell HIGGINS, Warden, Petitioner

v.

The Honorable Richard E. BRANAM, District Judge of the District Court within and for Atoka County, State of Oklahoma, and Ronald Eugene Hainey, Respondents.

No. PR–2006–171.

Court of Criminal Appeals of Oklahoma.

June 20, 2006.

### ORDER ASSUMING ORIGINAL JURISDICTION AND DENYING PETITION FOR WRIT OF PROHIBITION

¶ 1 On February 17, 2006, the above-named Petitioner, through counsel, Ronald A. Anderson, Assistant General Counsel for the Oklahoma Department of Corrections, filed with the Clerk of this Court an "Application to Assume Original Jurisdiction on Petition for Writ of Prohibition" and a brief in support of that Application. Petitioner is the warden for Jess Dunn Correctional Facility operated by the Oklahoma Department of Corrections (DOC) in Atoka County, Oklahoma. Petitioner received custody of Respondent, Ronald Eugene Hainey, under Judgments and Sentences issued by the District Court of Oklahoma County in Case Nos. CF–82–3400 and CF–98–7921.

¶ 2 On October 28, 2005, Hainey filed a Petition for Writ of Habeas Corpus in the District Court of Atoka County, Case No. CV–2005–238. Respondent, the Honorable Richard E. Branam, District Judge, granted Hainey's habeas petition on January 31, 2006, and ordered Hainey released. Petitioner now asks that this Court issue a writ of prohibition to Judge Branam directing him

not to enforce his order granting Hainey a writ of habeas corpus.

## I. Factual Background of Hainey's Habeas Claim

¶3 On November 19, 1982, the District Court of Oklahoma County, in Case No. CF–82–3400, committed Hainey to the custody of DOC for a term of thirty (30) years for Concealing Stolen Property, After Former Conviction of Three Felonies. DOC first received Hainey on this sentence on December 7, 1982, and retained custody of him until May 11, 1993, when the Governor conditionally released Hainey from imprisonment upon parole for the remaining portion of the sentence. Thereafter, Hainey failed to comply with the conditions of his parole, and on August 3, 2001, the Governor revoked the parole.[1]

¶4 Three months prior to this parole revocation, in Oklahoma County District Court, Case No. CF–98–7921, Hainey pled guilty to three counts of Pointing a Firearm at Another, After Former Conviction of a Felony. Upon each of these firearm convictions, the District Court sentenced Petitioner to a term of ten (10) years imprisonment in the custody of DOC. These new sentences were imposed on May 3, 2001. Pursuant to a plea agreement, the District Court ordered the three sentences to be served concurrently with one another and concurrently with Hainey's 1982 sentence for Concealing Stolen Property in CF–82–3400.[2]

## II. Hainey's Habeas Proceedings before the Trial Court

¶5 In his Petition for Writ of Habeas Corpus before the District Court of Atoka County, Hainey contended that DOC was refusing to administer his ten-year sentences from CF–98–7921 concurrently with his 1982 sentence. Hainey concluded that all of his "sentences, when administered concurrently have expired." In answering Hainey's claim,

Petitioner acknowledged that Hainey "discharged" his ten-year sentences in CF–98–7921 on October 29, 2005, and that he was not "re-billed to CF–82–3400" until that discharge date and therefore "has over 3000 days remaining to be served on CF–82–3400."

¶6 In granting Hainey relief, Judge Branam found that Hainey had discharged his ten-year sentences in CF–98–7921. He further found that when Hainey's parole was revoked, he had ten years remaining to be served upon the sentence in CF–82–3400. Lastly, Judge Branam found that Hainey would have discharged the revoked remainder of his sentence in CF–82–3400 had DOC administered it concurrently with CF–98–7921. Judge Branam therefore ordered Hainey's release.

## III. Petitioner's Request for Writ of Prohibition

¶7 Petitioner's brief seeking a writ of prohibition from this Court does not take issue with Judge Branam's finding that Hainey would have fully discharged his sentences in CF–82–3400 and CF–98–7921 had DOC administered them concurrently. Instead, Petitioner's only complaint is that the trial court found DOC had a duty to administer the sentences concurrently.

¶8 Petitioner concludes this finding to be incorrect because he believes the District Court of Oklahoma County was incapable of ordering the sentences in CF–98–7921 to be served concurrently with the sentence in CF–82–3400. Underlying that belief are two incorrect assumptions made by Petitioner: (1) a trial judge imposing a term of imprisonment cannot order such term to be served concurrently with a sentence upon which the defendant is on parole; and (2) that to permit a trial judge to order such a concurrent sentence intrudes upon the exclusive parole

---

1. The Governor's parole revocation did not accord Hainey with any credit towards the service of his thirty-year sentence for "street time" (*i.e.,* that period of time which had lapsed while Hainey was out on parole).

2. The Governor's Certificate of Parole Revocation, although occurring subsequently to Hainey's new sentences, made no mention of the new sentences or the circumstance that the new sentences were running concurrently with that sentence in CF–82–3400 upon which the Governor was revoking parole.

powers of the executive branch of government.

## IV. Decision

### A. Sentencing Judges Have Authority to Order Sentences Being Entered by Them to be Served Concurrently with any Other Existing Sentence

¶ 9 Both assumptions underlying Petitioner's arguments are unsound. With regard to the first assumption, it may indeed be debatable as to the practical effect of a trial judge ordering a sentence to be served concurrently with a prior sentence upon which the defendant is out on parole. Nevertheless, that a trial judge has lawful authority to impose such a concurrent sentence is not open to debate.

¶ 10 This is so because the Legislature, in 1985, amended state sentencing laws to provide "that the sentencing judge shall, at all times, have the discretion to enter a sentence concurrent with any other sentence." 1985 Okla. Sess. Laws ch. 20, § 2, at 108 (now codified at 22 O.S.2001, § 976). In *Williams v. State*, 2004 OK CR 8, 87 P.3d 620, based in part upon the foregoing provision from Section 976, this Court validated a sentencing sequence identical to that presented here.

¶ 11 In *Williams*, the defendant had been paroled upon sentences received in 1998. While on parole, he committed a burglary offense and was given a six-year term of imprisonment. Pursuant to a plea agreement, the trial court, when imposing the burglary sentence, ordered that it be served concurrently with the defendant's 1998 sentences. Six months after defendant's burglary conviction, the Governor revoked defendant's parole on the 1998 terms. In doing so,

the Governor included within his Certificate of Parole Revocation a directive that the unserved portions of the defendant's 1998 terms should run consecutively with defendant's burglary sentence. *Williams*, ¶¶ 2–3, 87 P.3d at 620–21.

¶ 12 In *Williams*, the Court recognized that 21 O.S.2001, § 61.3, gave the Governor specific authority to order a parole revocation to run concurrently with any other Oklahoma state court sentence, but that the Governor had not been given any special authority to order a parole revocation to be served consecutively with another sentence. *Williams*, ¶ 9 n. 6, 87 P.3d at 622 n. 6. Thus, in cases where the Governor revokes parole and chooses not to grant concurrent service, "then the revoked parole term will be served in the manner specified within the Judgment and Sentence; and if the Judgment and Sentence does not specify, it runs as otherwise required by operation of law." *Id.*

¶ 13 Petitioner cites this Court to several authorities that predate the 1985 concurrent sentencing amendment made to Section 976.[3] These earlier cases properly found that if a defendant commits a new offense while on parole, is sentenced for that offense, and is then received by DOC upon the new sentence before having his parole revoked, he then serves the new sentence first before resuming service upon the sentence from which he had been paroled. Once parole was revoked after being received by DOC on the new sentence, the defendant was required to complete the new sentence before he could resume serving the prior term of imprisonment from which he had paroled.[4]

¶ 14 These earlier cases allowed for no other result because, prior to 1985, there was

---

**3.** Petitioner cites to *Fox v. State*, 1972 OK CR 254, 501 P.2d 834, *Thurman v. Anderson*, 1972 OK CR 201, 500 P.2d 1074, and *Ex parte Adams*, 93 Okl.Cr. 95, 225 P.2d 385 (1950). At issue in each of these cases was the order in which an inmate would serve a new sentence in relation to a prior sentence upon which the inmate had been released to parole and had parole revoked.

**4.** In *Thurman*, the Court gave the following account as to how sentences are served in situations where prison authorities receive a defendant on a subsequent sentence prior to revocation of parole on a prior sentence:

> However, where a parolee, convicted of a subsequent offense while on parole, is received at the penitentiary under the judgment and sentence for the subsequent offense, before his parole is revoked, he begins serving the subsequent sentence as that is the only lawful order of commitment at that time. If his parole is thereafter revoked on the prior sentence, he must serve the unexpired portion of the first sentence as a parole violator upon completion of the subsequent sentence which he is then serving.
>
> *Thurman*, ¶ 5, 500 P.2d at 1075.

no authority for a sentencing judge to order a sentence to be served concurrently with a previously imposed sentence.[5] Since 1985, this is no longer the situation; hence, Petitioner's reliance on these previous authorities is misplaced.

### B. Sentencing Judges who Order a Sentence to be Served Concurrently with a Sentence upon which a Defendant is on Parole do not Invade the Executive's Parole Authority

¶ 15 Since 1985, sentencing judges have been given authority by Section 976 to order any sentence they impose to be served concurrently with any other existing sentence. This includes sentences upon which a defendant might be on parole. When ordering a sentence to be served concurrently with an existing sentence, the sentencing judge does nothing to modify the existing sentence. Similarly, if a judge pronounces a new sentence and orders it to be served concurrently with an existing sentence upon which the defendant is on parole, the judge does not thereby make any order modifying the parole agreement between the defendant and the Governor.

¶ 16 In such circumstances, the sentencing judge is only entering an order concerning the sentence being imposed. That such an order might have collateral consequences upon an existing sentence or parole agreement does not render the order unlawful nor encroach upon the executive's parole authority.[6]

### C. Administration of Staggered Concurrent Sentences

¶ 17 This brings the Court to the problem of how, under circumstances such as these, DOC is to administer a new sentence that contains a term of imprisonment that has been ordered to be served concurrently with a previously imposed term of imprisonment upon which the defendant is on parole and not yet revoked. The Court finds that if DOC should receive a prisoner under such circumstances, it must bill the prisoner into its custody upon the new term received in the subsequent sentence. Then, once parole is revoked, the prisoner shall be re-billed upon the sentence from which he was paroled. From that day forward, the prisoner receives credit towards both the formerly paroled sentence and the subsequent sentence that was ordered to be served concurrently with the paroled sentence.

¶ 18 Applying these rules to Hainey's case, he would not have resumed receiving credit towards the service of his Concealing Stolen Property sentence in CF–82–3400 for those three months that lapsed between the time he received his new convictions and the time when the Governor subsequently revoked parole on CF–82–3400. Petitioner's brief asks, "What would happen if the Governor, for what ever reason, did not revoke the parole until the new sentence had expired?" While we suspect that an inordinate delay in seeking revocation of parole for violations long since passed could raise due process con-

---

**5.** *Compare Bishop v. State,* 1979 OK CR 9, ¶ 3, 593 P.2d 505, 506 (pre–1985 case finding judge could not order suspended sentence that he was revoking to run concurrently with sentence that he was imposing upon a new offense because judge "lacked the authority to provide for concurrent sentences") *with Walker v. State,* 1989 OK CR 65, ¶¶ 4–5, 780 P.2d 1181, 1183 (post–1985 case recognizing that Section 976 had been amended and remanding matter for further proceedings because trial judge was under mistaken impression that a judge could not order suspended sentences that were being revoked to be served concurrently with each other or concurrently with a sentence that was being imposed upon a new offense.)

**6.** Here the Court must note that whenever it has been presented with a Judgment and Sentence such as that it now has before it in CF–98–7921 (*i.e.,* a Judgment and Sentence that orders the sentence imposed to be served concurrently with a prior sentence upon which the defendant is still on parole), the record inevitably reveals that the sentencing order was not the original invention of the trial judge. Instead, Judgment and Sentences of this type almost invariably come about because a trial judge has acted in accordance with a plea agreement made between the defendant and the state prosecutor. We find it untenable that one division of the executive branch (state prosecutors) will agree to these concurrent sentencing orders while yet another division of the executive branch (Petitioner on behalf of the Governor and DOC) should be permitted to claim that such orders are unlawful encroachments upon the executive's parole powers.

cerns or a claim of laches,[7] we need not decide that particular issue in this case because that is not what occurred here. Moreover, Petitioner does not claim that such delays have ever been a practice of parole authorities.

### V. Summary

¶ 19 To summarize, sentencing judges have authority to order a sentence being imposed by them to run concurrently with any other existing sentence. Judge Branam correctly recognized this authority and found the concurrent sentencing order contained within Hainey's Judgment and Sentence must be enforced. Judge Branam therefore found Hainey had discharged his concurrent sentences and was entitled to release. Because Petitioner has not shown Judge Branam's order was an exercise of judicial power unauthorized by law, he has not proven himself entitled to a writ of prohibition.[8]

¶ 20 **IT IS THEREFORE THE ORDER OF THIS COURT** that original jurisdiction is **ASSUMED**, but that Petitioner's request for a writ of prohibition is **DENIED.**

¶ 21 **IT IS SO ORDERED.**

¶ 22 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 20th day of June, 2006.

/s/ Charles S. Chapel, concurs in results.
CHARLES S. CHAPEL, Presiding Judge

/s/ Gary L. Lumpkin, concurs in part/dissents in part.
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

/s/ David B. Lewis
DAVID B. LEWIS, Judge

### CHAPEL, PRESIDING JUDGE, CONCUR IN RESULTS:

¶ 1 I concur in this Order in all respects except for section IV(C). In my opinion, a sentence "runs" even while a person is on parole. Therefore, if a parolee is subsequently convicted and the subsequent sentence is ordered to be served concurrent with the paroled sentence, it is irrelevant whether the paroled sentence has been revoked.

### LUMPKIN, VICE–PRESIDING JUDGE: CONCUR IN PART/DISSENT IN PART

¶ 1 I concur in the Court's authority to adjudicate the legal issues before it. However, I must dissent when the Court oversteps its bounds and violates the doctrine of separation of powers by interfering with the manner in which the executive branch administers sentences.

¶ 2 The authority of the executive branch, for our purposes, the Department of Corrections, to administer sentences is well established by case law and state statute. *See Fields v. Driesel,* 1997 OK CR 33, ¶¶ 20–21, 941 P.2d 1000, 1005. In *Williams v. State,* 2004 OK CR 8, ¶ 9, 87 P.3d 620, 622–23, this Court correctly interpreted the applicable statutes and held the Governor cannot order a sentence to run consecutive upon a parole revocation when the original judgment and sentence ordered the sentence to run concurrent.

¶ 3 Title 21 O.S.2001, § 61.1 sets out how sentences are to be served "by operation of law" if the judgment and sentence is silent regarding whether it is to run consecutive or concurrent. Section 61.1 provides that sentences are to run consecutively with the service of the sentences to be based on date of receipt by the Department of Corrections, *i.e.* first received, first served, second received, second served, etc., unless the judgment and sentence specifically provides that

---

7. *Cf. Cheadle v. State,* 1988 OK CR 226, ¶ 3–4, 762 P.2d 995, 996 (agreeing with probationer's claim that the State had an obligation to proceed with due diligence in prosecuting an application to revoke probation on a suspended sentence, and that the State's five-year delay in doing so caused "the very spirit of the revocation procedure [to be] thwarted").

8. A party seeking a writ of prohibition from this Court "has the burden of establishing (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy." Rule 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2006).

it is to run concurrently with another judgment and sentence.

¶ 4 The issue in this case has already been decided by the Oklahoma Legislature. For this Court to attempt to now infringe on their authority by trying to tell the Department of Corrections how to administer the service of a sentence just because it is a sentence resulting from a parole revocation violates the doctrine of separation of powers.

¶ 5 I would urge the Court to excise the dicta which creates a constitutional conflict from this opinion and only adjudicate the issue before it. I agree to deny the writ solely on the basis that Petitioner has not shown, based upon the facts, that Judge Branam has abused his discretion.