Gladys Claretta RICHARDSON,
#65819, Petitioner,

v.

PARDON & PAROLE BOARD, and the State of Oklahoma, Respondents.

No. A–14376.

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1967.

ADVISORY OPINION

BRETT, Judge:

Gladys Claretta Richardson has filed in this Court a petition for writ of habeas corpus and/or post conviction appeal. Petitioner asks this Court to grant her credit for certain time while she states she was out of the penitentiary on parole.

This matter is one which cannot be properly reached by habeas corpus, under the present statutes, as pointed out in the response filed herein by the Attorney General. To this response is attached copy of petitioner's prison record, copy of the judgment and sentence rendered against her by the district court of Tulsa County on September 27, 1961, wherein she was sentenced to serve ten years in the state penitentiary on a charge of uttering a forged instrument, after former conviction of a felony; and copies of four judgments and sentences rendered against petitioner on September 2, 1966 in the same court, again for uttering forged instruments after former conviction of felony, showing she was sentenced in each case to serve eight years in the state penitentiary, the sentences to run concurrently.

The records show that on November 13, 1964 petitioner was paroled on the ten-year sentence, and that parole was revoked on October 5, 1965 and petitioner was returned to the state penitentiary. Subsequently, on December 13, 1965 this parole was reinstated, but was again revoked the following May 5, 1966.

On April 29, 1966 this petitioner was arrested in Tulsa County and charged in four cases of uttering forged instruments, after former conviction of felony, and incarcerated in the county jail. Thereafter she

was tried and convicted, and judgments and sentences were entered in each of these cases on September 2, 1966.

Petitioner alleges that she is entitled to receive credit toward the fulfillment of her penitentiary sentence of September 27, 1961 for the period she was on parole. As stated in her words, "I seek the 22 months I stayed under supervision while on the street". This, she states, includes the 17 months while she was on parole, and from April 29, 1966 to September 19, 1966 during which time she was confined in the Tulsa County jail before being returned to the penitentiary. The official records in the office of the Secretary of State reflect that the second revocation of parole was made on May 5, 1966.

■ The Attorney General is correct when he states in his response that petitioner is not "entitled to credit on her sentence for the '17 months', or any other period of time that she was free from actual confinement and custody on parole, inasmuch as her parole was revoked."

Title 57 O.S.A. § 350 provides:

"Every person (hereinafter referred to as 'convict') who has been or who in the future may be sentenced to imprisonment in any State penal institution shall, in addition to any other deductions provided for by law, be entitled to a deduction from his sentence for all time during which he has been or may be on parole; *provided, however, that this Act shall not be applicable* to time on a parole which has been or shall be revoked; and further provided that voluntary return to confinement shall not be deemed to be a revoked parole." (Emphasis added)

Under this provision of the statute, this petitioner is not entitled to credit for the time she was on parole, since the paroles were revoked.

■ We are of the opinion that petitioner is entitled to receive credit towards fulfillment of her ten-year sentence from May 5, 1966—when the parole was revoked—to September 19, 1966, when she was returned to the state penitentiary. This was the period of time petitioner was confined in the Tulsa County jail. The Attorney General admits this point in his response.

We are therefore of the opinion that the Warden of the state penitentiary should direct the proper member of his staff to see that petitioner's records reflect the credits due her, as herein discussed; and any other credits petitioner is lawfully entitled to receive.

NIX, P. J., and BUSSEY, J., concur.