**Samuel BROWN, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–16197.**

Court of Criminal Appeals of Oklahoma.

Aug. 19, 1970.

Milton Keen, Max Moulton, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

MEMORANDUM OPINION

PER CURIAM:

This is an original proceeding in which Samuel Brown, by retained counsel, Milton Keen, has petitioned this Court for a writ of habeas corpus, alleging his illegal confinement in the Oklahoma State Penitentiary. Said cause was set down for hearing before the Court Referee on July 15, 1970, with the petitioner present and represented by Mr. Keen and the State represented by Assistant Attorney General Hugh Collum.

It appears that the petitioner is presently confined in the penitentiary by authority of the judgment and sentence imposed in the District Court of Tulsa County, case No. 11124, in 1943, sentencing petitioner to life imprisonment. Petitioner was paroled from this sentence in 1960, but said parole was revoked on August 21, 1961, with petitioner returned to the penitentiary on September 22, 1961. Subsequently, petitioner was again granted a parole in January of 1963. Thereafter, on July 8, 1963, this second parole was revoked and petitioner returned to the penitentiary on July 11, 1963. It is petitioner's contention that both paroles were revoked without notice, cause, hearing or benefit of counsel. Petitioner urges that said revocations were in violation of his constitutional rights and that he is therefore entitled to his release from imprisonment.

This Court held in Chase v. Page, Okl. Cr., 456 P.2d 590 (1969):

"In the future, before a parolee is recommitted for the remainder of his sentence, he should be advised of the ground upon which revocation is sought and afforded a reasonable opportunity for an administrative hearing on whether the conditions of the parole were in fact violated."

This Court further held in Conn v. Page, Okl.Cr., 462 P.2d 346 (1969):

"In Oklahoma there is no statutory or due process requirement of a judicial hearing with the full array of due process rights before revocation of a parole, although after June 18, 1969, a parolee is entitled to an administrative hearing to determine if the conditions of the parole have been violated before the parole is revoked. Chase v. Page, Okl. Cr., 456 P.2d 590 (1969)."

■ Petitioner cites Mempha v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, which requires benefit of counsel at a proceeding to impose a sentence where the sentencing has been deferred by the court and the defendant placed on probation. The Supreme Court in the *Mempha* decision noted it was immaterial whether such a proceeding was labeled revocation of probation or a deferred sentence. Petitioner in the instant proceeding contends that this language is more than broad enough to cover the revocation of a parole. We cannot agree with this contention.

Petitioner suggests that any type of "early release" whether it be a parole, pardon, conditional release, or suspended sentence can be lumped together and the same standards would apply to revocation in each instance. The fallacy in this position is that a suspended sentence, or deferred imposition or execution of a sentence, is a judicial act, while a parole is an act of executive clemency. Therefore, revocation of a suspended sentence is a judicial action by a court, while revocation of a parole is an executive act by the duly authorized executive official. Thus, a revocation proceeding by the court is not always governed by the same standards as a revocation by executive authority.

Furthermore, it should be noted that in Mempha v. Rhay, supra, the requirement was that counsel be afforded at a proceeding where the court had revoked defendant's probation and at that time imposed the sentence. The Supreme Court's logic was that counsel was necessary in considering what the term of the sentence should be and that "certain legal rights may be lost if not exercised at this stage." 389 U.S. 135, 88 S.Ct. 257.

Petitioner argues that his paroles were revoked without reason capriciously, and that he had "faithfully complied with all terms, conditions, and requirements of both paroles." In view of the record before this Court, we cannot accept this contention, as it is apparent there was evidence to indicate that the petitioner had violated the express terms of his parole. The only question then is whether petitioner was denied any constitutional right due to parole revocation absent a hearing.

■ As noted above, the requirement of Chase v. Page, supra, that a parolee be afforded the opportunity to explain away the accusation of a parole violation before recommitment is a prospective rule which does not extend to the petitioner whose paroles were revoked in 1961 and 1963. Thus, we find that petitioner was denied no right due him at the time he was returned to the penitentiary to complete the remainder of his sentence.

Petitioner further contends that the rule of Chase v. Page requiring a hearing before revocation and recommitment of a parolee is not presently being followed as the executive authorities of this State are revoking parolees and then affording a semblance of a hearing after they have been returned to the penitentiary. Clearly, if this contention were true in fact, such revocations and recommitments would be

subject to attack. This Court held in Chase v. Page, supra:

"Before such a determination or finding can·be made [of parole violation] it appears that the principals of fundamental justice and fairness would afford the parolee a reasonable opportunity to explain away the accusation of a parole violation."

Thus, the hearing must precede the revocation. However, this issue is not presently before the Court for determination, as petitioner's paroles were revoked prior to our decision in Chase v. Page.

Therefore, petitioner is not entitled to any relief under his petition for writ of habeas corpus.

Writ denied.