Cecil Collins BERRY, Petitioner,

v.

Park ANDERSON, Warden, Oklahoma State Penitentiary, Respondent.

No. A–17208.

Court of Criminal Appeals of Oklahoma.

July 19, 1972.

George B. Thompson, Johnson & Thompson, Ada, for petitioner.

Larry Derryberry, Atty. Gen., for respondent.

OPINION

BRETT, Judge:

This is an original proceeding for a writ of habeas corpus by Cecil Collins Berry petitioning this Court for a writ of habeas corpus claiming that he was illegally recommitted to the penitentiary for a parole violation, without a hearing.

Petitioner was convicted of murder in the District Court of Atoka County, and sentenced to life imprisonment in 1943. On December 6, 1967, the petitioner was granted a parole. On April 24, 1970, petitioner was charged with the crimes of transporting an open bottle, no state driver's license, driving while under the influence of alcohol, and careless driving. Petitioner entered a plea of guilty to these charges and paid a fine in the amount of $80.00. Thereafter, on May 8, 1970, the petitioner was apprehended and recommitted to the penitentiary by order of the Governor citing as reasons, petitioner's convictions on April 24, 1970, and his inability to refrain from consuming intoxicating beverages. Some fourteen months thereafter, on July 18, 1971, the petitioner was afforded a hearing on the revocation of his parole. At this hearing he was represented by counsel and two witnesses testified. Thereupon, the parole was formally revoked. Petitioner claims that he is entitled to his release from the penitentiary due to the fact that he was recommitted to the penitentiary without a proper revocation hearing.

After the date of July 18, 1969, it is required that before a parolee is recommitted for the remainder of his sentence on the grounds that he has violated his parole, the parolee should be advised of the ground upon which revocation is sought and afforded a reasonable opportunity for administrative hearing on whether the con-

ditions of the parole were in fact violated. Chase v. Page, Okl.Cr., 456 P.2d 590 (1969). In Murray v. Page, 429 F.2d 1359 (10 Cir. 1970), it was held that such a revocation hearing was necessary in all cases in which parole revocation was sought. In Brown v. Page, Okl.Cr., 474 P.2d 137 (1970), this Court reiterated that such a "hearing must precede the revocation."

■ Under the facts in the instant case, it is apparent that since petitioner was recommitted to the penitentiary for a parole violation after the effective date of Chase v. Page, supra, he was entitled to a hearing. The failure of the State to afford the petitioner such a hearing subjected his confinement to attack. If the petitioner had sought his release from confinement between the date of his recommitment on May 8, 1970, and the date of his revocation hearing on July 18, 1971, he would have been entitled to release since his recommitment and confinement was not consistent with the requirements of due process of law as announced by this Court and the Federal Courts. However, petitioner's challenge in this proceeding, after he has been afforded a proper revocation hearing, comes too late. Petitioner has been afforded a proper revocation hearing and his confinement since the revocation hearing is proper and lawful. Writ denied.