Jerry BOGGS, Appellant,

v.

The STATE of Oklahoma, and Department of Corrections, Appellees.

No. PC–76–469.

Court of Criminal Appeals of Oklahoma.

June 25, 1976.

## MEMORANDUM OPINION

BUSSEY, Judge:

This is an appeal from the order of the trial court denying post conviction relief in Case No. CRF–71–125, of the District Court, Pittsburg County, on June 14, 1976.

In his application for post conviction relief, appellant contests in several respects the regularity of the executive proceedings resulting in the revocation of his parole, and contends that he is entitled to credit against his original sentence for the time he was on parole prior to revocation. In Cases Nos. H–75–767 and PC–75–811(B), appellant previously endeavored to raise the legality of his parole revocation in proceedings originally commenced in this Court, however, those cases were dismissed and appellant's attention was directed to the provisions of the Post-Conviction Procedure Act requiring that such relief first be sought in the appropriate trial court. In summarily denying appellant's application for post conviction relief the trial court ruled:

"Petitioner's principal complaint . . . [is] that he was afforded an improper hearing on parole revocation and that he was denied being given credit for time served while he was released under parole. Neither of these contentions establish grounds for Post-Conviction Relief.

"RELIEF REQUESTED DENIED."

We are of the opinion that the trial court was eminently correct in ruling that as a matter of law appellant was not entitled to credit against his original sentence for the period while he was on parole prior to executive revocation thereof, and to that extent appellant's application did fail to state grounds for post conviction relief. See: 57 O.S.1971, §§ 332.14 and 350; and, *Thurman v. Anderson*, Okl.Cr., 500 P.2d 1074 (1972); *Richardson v. Pardon and Parole Bd.*, Okl.Cr., 433 P.2d 518 (1967);

*Pappan v. Page*, Okl.Cr., 422 P.2d 470 (1967); *Simpson v. Page*, Okl.Cr., 416 P.2d 635 (1966); and, *In Re Salisbury*, Okl. Cr., 369 P.2d 476 (1962). We therefore affirm this aspect of the ruling of the trial court.

Insofar as appellant contested the regularity of the executive parole revocation proceedings, however, we are of the opinion that the ruling of the trial court was clearly in error. If these probation revocation proceedings were not conducted in accordance with at least minimal considerations of fundamental fairness and due process of law, as alleged by appellant, then his application clearly presented a ground for post conviction relief. See: *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972); Annot. 36 L.Ed.2d 1077 and 44 A.L.R.3d 306; and, 22 O.S.1971, § 1080(e). Also, in this regard appellant's application for postconviction relief presented several mixed questions of law and fact. While the trial court may make summary disposition on the application when it appears from the response and record presented that there is no material issue of fact and judgment should be entered as a matter of law, an order disposing of an application without a hearing must state the court's findings and conclusions regarding the issues presented. Further, if the application cannot be disposed of on the pleadings and record, or there exists a material issue of fact, the trial court must conduct an evidentiary hearing, and make specific findings of fact stating expressly its conclusions of law relating to each issue presented. See, 22 O.S.1971, §§ 1083 and 1084. In the present case, the trial court did not enter findings of fact and conclusions of law with respect to the questions presented, nor was summary disposition possible when predicated simply upon the record here available to the trial court. See, *Chase v. State*, Okl.Cr., 505 P.2d 1003 (1973). Accordingly, we are of the opinion that this portion of the trial court's

ruling must be reversed. If upon remand the trial court should find that the proceedings resulting in appellant's parole revocation were not conducted according to law, then and in that event, the trial court should direct that appropriate executive proceedings be instituted in accordance with the foregoing authority.

For the above and foregoing reasons, the order of the trial court denying post conviction relief is hereby, *AFFIRMED* in part and *REVERSED AND REMANDED* in part for further proceedings not inconsistent with this opinion.

BRETT, P. J., and BLISS, J., concur.