In re Habeas Corpus of Johnny
Lee SANDERS.

No. H–77–587.

Court of Criminal Appeals of Oklahoma.

Aug. 19, 1977.

### ORDER OF DISMISSAL

Johnny Lee Sanders, hereinafter referred to as Petitioner, has filed an application for habeas corpus in this Court, seeking release from confinement under an Order of the Chief Executive revoking his parole.

Petitioner asserts that the proceedings conducted by the Department of Corrections and the Executive Hearing conducted by the Governor's Office, did not comply with the requirements of due process of law as guaranteed by the Constitution of the United States and the Constitution of the State of Oklahoma. Proceedings to challenge the validity of the revocation of a parole are governed by the provisions of 22 O.S.1971, § 1080 and 22 O.S.1971, § 1081.

The pertinent part of 22 O.S.1971, § 1080, provides:

"Any person who has been convicted of, or sentenced for, a crime and who claims:

\* \* \* \* \* \*

"(e) that his sentence has expired, his suspended sentence, probation, *parole, or conditional release unlawfully revoked,* or he is otherwise unlawfully held in custody or other restraint; or

\* \* \* \* \* \*

"may institute a proceeding under this act in the court in which the judgment and sentence on conviction was imposed to secure the appropriate relief. Excluding a timely appeal, this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence." [Emphasis added]

The pertinent part of 22 O.S.1971, § 1081, provides:

"A proceeding is commenced by filing a verified 'application for post-conviction relief' with the clerk of the court imposing judgment if an appeal is not pending. *When such a proceeding arises from the revocation of parole or conditional release, the proceeding shall be commenced by filing a verified 'application for post-conviction relief' with the Clerk of the District Court in the county in which the parole or conditional release was revoked.* Facts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application must be sworn to affirmatively as true and correct. \* \* \*." [Emphasis added]

The application for habeas corpus, on its face, discloses that Petitioner has not followed the proceedings provided by law for challenging the validity of the revocation of his parole. We accordingly dismiss the application for habeas corpus and direct the Petitioner's attention to the statutes above set forth. If, after instituting the post-conviction proceedings as set forth above, Petitioner is denied his application for post-conviction relief, he must appeal from said order in the manner provided by

law or he will have been deemed to have waived his right to challenge said revocation.

For the above and foregoing reasons the application for habeas corpus is *DISMISSED.*

IT IS SO ORDERED.

WITNESS OUR HANDS, and the Seal of this Court, this 19th day of August, 1977.

> (s) HEZ J. BUSSEY
> HEZ J. BUSSEY, PRESIDING JUDGE

> (s) TOM BRETT
> TOM BRETT, JUDGE