**Peter J. McMAHON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. PC–87–855.**

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1987.

Peter J. McMahon, pro se.

**MEMORANDUM OPINION**

BRETT, Presiding Judge:

Appellant, Peter J. McMahon, brings this appeal pursuant to 22 O.S.1981, § 1087. The District Court of Tulsa County dismissed appellant's application for post-conviction relief in case numbers: CRF–81–0414, CRF–81–1495, CRF–81–1496, CRF–81–2966, CRF–81–3636 and CRF–81–4397 upon a finding that it lacked venue to hear or rule on the matter.

Appellant was granted parole on these cases on October 28, 1983, all of which carried ten (10) year concurrent sentences. He was released in Tulsa County. On February 26, 1986, the Department of Corrections, Division of Probation and Parole issued a violator's warrant. On March 14, 1986, a probable cause hearing was held in Tulsa County; on June 24, an executive revocation hearing was held also in Tulsa County. On September 5, 1986, the Governor formally revoked appellant's parole. Appellant filed for a review of his parole revocation in Tulsa County District Court under the Post–Conviction Procedure Act on August 4, 1987, and which he amended

**968**

on October 9, 1987. 22 O.S.1981, § 1080(e). The District Court dismissed his application on the theory that Oklahoma County has venue and jurisdiction of all matters of this type since the Governor's office is in Oklahoma County and that is where the final revocation order was issued. 22 O.S.1981, § 1081.

Neither the Court in its order nor appellant cite any case law. We cannot find where we have previously ruled on this question. The statutory language that apparently is susceptible of two diverse interpretations is as follows:

§ 1081. Commencement of proceeding

A proceeding is commenced by filing a verified 'application for post-conviction relief' with the clerk of the court imposing judgment if an appeal is not pending. When such a proceeding arises from *the revocation of parole or conditional release, the proceeding shall be commenced by filing a verified 'application for post-conviction relief' with the clerk of the district court in the county in which the parole or conditional release was revoked.* Facts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application must be sworn to affirmatively as true and correct. The Court of Criminal Appeals may prescribe the form of the application and verification. The clerk shall docket the application upon its receipt and promptly bring it to the attention of the court and deliver a copy to the district attorney (emphasis added).

If the violator's warrant, the probable cause hearing and the revocation hearing were all properly held in Tulsa County, then that county has venue and jurisdiction to hear a post-conviction relief application. The county of the conditional residence of the parolee would be the proper venue. In most instances the parole violation would most likely have occurred where the parolee is living and working, therefore, that would be the jurisdiction from which subpoenas would issue to any witnesses that might be called in processing the claim of a violation. This fits with the spirit and scheme of the doctrines set out in the Sixth Amendment of the United States Constitution. We hold, therefore, the venue and jurisdiction anticipated in the language of Section 1081 is the same as the locus of the parole revocation proceedings.

The District Court erred in dismissing appellant's application without a substantive examination. This matter is REVERSED AND REMANDED for a hearing and determination on the merits.

BUSSEY, J., concurs.

PARKS, J., not participating.