Robert L. TWYMAN, Appellant,

v.

The OKLAHOMA PARDON & PAROLE BOARD, the Oklahoma Department of Corrections, and Dan Reynolds, Warden, Mack Alford Correction Center, Appellees.

No. H 91–1156.

Court of Criminal Appeals of Oklahoma.

Aug. 28, 1992.

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Appellant has filed with this Court a petition for a writ of habeas corpus seeking release from the custody of the Oklahoma Department of Corrections. The record be-

fore this Court reflects that Appellant began serving a life sentence for Murder on May 4, 1973, and was granted parole on September 15, 1987. On May 25, 1989, Appellant was placed back in custody of the Department of Corrections for a parole violation; but, on December 19, 1989, the District Court of Alfalfa County granted a petition for a writ of habeas corpus filed by Appellant. The District Court found Appellant had been denied the right to a hearing on the revocation of his parole within a reasonable time resulting in prejudice to his rights at said hearing.

■ Subsequently, the record before this Court reflects that an executive parole revocation hearing was held on August 17, 1990, after a probable cause hearing June 4, 1990, wherein the Pardon and Parole Board recommended Appellant's parole be revoked in its entirety. The State alleged Appellant failed to report in person or in writing to his parole officer and failed to immediately report any change in his address or employment. A copy of the order of the revocation of Appellant's parole is not a part of the record before this Court. Further, the record does not reflect that Appellant has appealed the revocation of his parole pursuant to the procedures set forth in the Post–Conviction Procedure Act. 22 O.S.1981, § 1080 et seq.

The District Court of Alfalfa County denied Appellant's application for a writ of habeas corpus in an order entered July 31, 1991, finding the relief Appellant seeks is governed by the Post–Conviction Procedure Act, 22 O.S.1981, § 1080 et seq. The District Court further found this Act requires actions of this nature be brought in the court in which the judgment and sentence were imposed; and, dismissed Appellant's petition since Alfalfa County was not the situs of the original judgment and sentence. Appellant contends on appeal that the District Court improperly dismissed his petition for a writ of habeas corpus. We agree with the findings of the District Court.

■ Proceedings to challenge the validity of the revocation of a parole are governed by the provisions of 22 O.S.1981, §§ 1080 and 1081. *See In re Sanders*, 568 P.2d 331 (Okl.Cr.1977). Insofar as this Court's decision in *Lamb v. Page*, 482 P.2d 615 (Okl.Cr.1971), is inconsistent with our holding in *In re Sanders*, it is hereby expressly overruled. Further, 22 O.S.Supp. 1989, Ch. 18, App. *Rules of the Court of Criminal Appeals*, Rule 10.6(C), is amended as follows:

Writ of Habeas Corpus. Petitioner has the burden of establishing that confinement is unlawful. [*Shelton v. State*, 381 P.2d 324 (Okl.Cr.1963)]. Petitioner must attach a certified copy of the information and judgment and sentence with his petition to meet his burden of proof. *Id.* In the absence of an extreme emergency, this Court will not entertain an original application for a writ of habeas corpus where such application has not been presented to and refused by the district court of the county where petitioner is restrained. [*In re Dykes*, 13 Okl. 339, 74 P. 506, 507 (1903)]. The writ of habeas corpus has not been suspended or altered by the Post–Conviction Procedure Act provided the statutory appeal procedures enacted by the Legislature have first been exhausted. The writ of habeas corpus is not an authorization to bypass the statutory appeal process.

As in *In re Sanders*, Appellant's application for a writ of habeas corpus discloses that he has not followed the proceedings provided by law for challenging the validity of the revocation of his parole. Accordingly, Appellant's application for a writ of habeas corpus is DISMISSED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge.