**F I L E D**

**UNITED STATES COURT OF APPEALS**

**NOV 4 1998**

**TENTH CIRCUIT**

RICKY LEE HENDRICKS,

     Petitioner-Appellant,

v.

ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA, sued as:
Drew Edmondson, Attorney General of
the State of Oklahoma; RON WARD,

     Respondents-Appellees.

No. 98-5011
(D.C. No. 97-CV-21-C)
(NOK)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ricky Lee Hendricks, a pro se state prisoner, brought this action under 28 U.S.C. § 2254 contending he was denied due process in connection with his removal from the Oklahoma Preparole Conditional Supervision program (PPCS) for a DUI conviction, and that his conviction and five-year sentence in state court on the DUI charge violated his double jeopardy rights because he had previously received as a sanction for that conduct a three-year suspension of his driver's license and the loss of credits earned in prison. The district court dismissed the due process claim as unexhausted and the double jeopardy claim as procedurally barred. We affirm in part and reverse in part.

Mr. Hendricks presented both claims at once to the state courts through motions for a writ of habeas corpus under state law. He filed his first motion for habeas corpus relief in state district court. After the district court denied it, Mr Hendricks filed an original application for a writ of habeas corpus with the Court of Criminal Appeals, which denied relief because Mr. Hendricks failed to attach material demonstrating that his application had been presented to and refused by the proper district court.

The federal habeas petition in this action was referred to a magistrate judge who treated the pleading as two distinct claims for relief, one challenging the constitutionality of Mr. Hendricks' removal from PPCS on due process grounds, and one challenging the constitutionality of his DUI conviction and sentence on

-2-

double jeopardy grounds.  The magistrate judge concluded that Mr. Hendricks had not exhausted his due process claim in the state courts, and that his double jeopardy claim was exhausted but procedurally barred.  Mr. Hendricks filed objections to the report, and the district court adopted it after a de novo review. We conclude on appeal that neither claim has been exhausted.

We turn first to Mr. Hendricks' claim that the state department of corrections denied him due process in handling his removal from PPCS and in eliminating his earned credits.  In addressing that claim, the magistrate judge stated that the proper avenue for seeking state court relief from an alleged unconstitutional loss of earned credits and removal from the PPCS is through a motion for writ of mandamus rather than for a writ of habeas corpus, citing *Johnson v. Dep't of Corrections,* 916 P.2d 264, 265 (Okla. Crim. App. 1996). Because Mr. Hendricks still had that avenue available to him, the magistrate judge concluded that this claim had not been exhausted and recommended that the claim be dismissed without prejudice to allow Mr. Hendricks to present the claim to the state courts.  Mr. Hendricks contends that such claims can properly be pursued in state court through a writ of habeas corpus and that the claim is therefore exhausted, citing *Harper v. Young*, 852 P.2d 164, 165 (Okla. Crim. App. 1993), *rev'd on other grounds*, 64 F.3d 563 (10th Cir. 1995), *aff'd*, 520 U.S. 143 (1997).

Section 2254 provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Although the Oklahoma cases cited by the magistrate judge and the parties give rise to some confusion as to the appropriate means by which to present this claim to the state courts, we need not attempt to resolve the matter. The State argued below that Mr. Hendricks has not exhausted the claim because it can still be raised through a petition for post-conviction relief pursuant to the Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080(e), and we agree. That provision states that a person convicted of or sentenced for a crime who claims "that his sentence has expired, [or] his suspended sentence, probation, parole, or conditional release unlawfully revoked," may institute a proceeding under the act to secure appropriate relief. *Id.* Mr. Hendricks' due process claim fits comfortably within the above-quoted language, thereby allowing him to invoke state post-conviction remedies. *See Twyman v. Oklahoma Pardon & Parole Bd.,* 837 P.2d 480, 481 (Okla. Crim. App. 1992). We therefore affirm the dismissal of the due process claim without prejudice to allow Mr. Hendricks to pursue the claim in state court.

We turn next to Mr. Hendricks' claim that his DUI conviction violated his double jeopardy rights. The magistrate judge concluded that by presenting this

claim to the state courts through motions for writs of habeas corpus, Mr. Hendricks had exhausted the claim. The magistrate further concluded that because the state court of criminal appeals refused to consider the petition on procedural grounds, the claim was procedurally barred in federal habeas by Mr. Hendricks' failure to make the required showing of cause and prejudice, or factual innocence.[1]

The State argued below that this claim was not exhausted because Mr. Hendricks could still present it to the state courts through an application for post-conviction relief pursuant to section 1080, discussed above. Again, we agree. Section 1080 states that a person convicted of a crime may institute a proceeding under the Act if he claims "that the conviction or the sentence was in violation of the Constitution of the United States." *Id.* § 1080(a). Mr. Hendricks' claim that his DUI conviction violated his double jeopardy rights is clearly encompassed by this provision. Because Mr. Hendricks may pursue the claim under state post-conviction procedures, the claim is not exhausted and must be dismissed without prejudice to allow Mr. Hendricks to present it to the state courts.[2]

---

[1] Although the magistrate judge recognized that ordinarily a petition containing both exhausted and unexhausted claims should be dismissed without prejudice in its entirety, *see Rose v. Lundy*, 455 U.S. 509, 510 (1982), he held this rule is inapplicable here because the claims should have been brought in separate petitions.

[2] Mr. Hendricks' resort to state habeas corpus remedies appears to have been premature. The rule governing this writ provides that "[t]he writ of habeas

Mr. Hendricks' motion to proceed in forma pauperis on appeal is granted, as is his application for a certificate of appealability. The district court is **AFFIRMED** insofar as it dismissed Mr. Hendricks' due process claim without prejudice for failure to exhaust state remedies. The district court is **REVERSED** insofar as it held Mr. Hendricks' double jeopardy claim procedurally barred. The case is **REMANDED** to the district court with instructions to dismiss the double jeopardy claim without prejudice for failure to completely exhaust potential state procedures.[3]

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

corpus has not been suspended or altered by the Post-Conviction Procedure Act so long as the statutory appeal procedures enacted by the Legislature have been first exhausted. The writ of habeas corpus is not an authorization to bypass the statutory appeal process." Okla. Stat. tit. 22, Ch. 18, App., Rule10.6 C.

[3]Mr. Hendricks' motion to appoint counsel is denied.