1999 OK CR 42

**John S. DELFRATE, Petitioner,**

v.

**The OKLAHOMA DEPARTMENT OF CORRECTIONS, et al., Respondents.**

**No. PC–99–669.**

Court of Criminal Appeals of Oklahoma.

Nov. 17, 1999.

**ORDER AFFIRMING IN PART AND RE-VERSING IN PART PETITION SEEKING POST–CONVICTION RE-LIEF**

¶ 1 Petitioner has appealed from an order of the District Court of Creek County dismissing his Application for Post–Conviction relief in Case Nos. CRF–83–118, CRF–83–121 and CRF–83–282. On September 26, 1984, Petitioner entered pleas of guilty in Case Nos. CRF–83–118 and CRF–83–121 to Robbery with Firearms and was sentenced to twenty-five (25) years imprisonment in each case. The sentences were ordered to run concurrently. Petitioner did not attempt to withdraw his pleas or otherwise appeal his convictions in either case.

¶ 2 On April 5, 1985, Petitioner was found guilty by the trial court in Creek County Case No. CRF–83–282 of Escape While Awaiting Trial, After Two or More Felony Convictions. Petitioner was sentenced to twenty (20) years imprisonment. Petitioner perfected an appeal of that conviction and this Court remanded for re-sentencing. Petitioner was re-sentenced to seven (7) years imprisonment.

¶ 3 In July 1992, Petitioner was paroled on all three cases. However, in July 1993, Petitioner was arrested in Ohio on an Oklahoma warrant for Escape From a Penal Institution. After being returned to Oklahoma, Petitioner's parole revocation hearing was held in a Department of Corrections facility located in Cleveland County. Petitioner's parole was subsequently revoked by the Governor and Petitioner was returned to the custody of the Department of Corrections.

¶ 4 On April 22, 1997, Petitioner filed a Petition for Writ of Habeas Corpus in Cleveland County District Court challenging, *inter alia*, his parole revocation and the alleged denial of earned credits which Petitioner claimed entitled him to immediate release. On January 27, 1998, the Cleveland County District Court filed an order denying relief. Regarding Petitioner's claim of earned credits, the District Court found Petitioner had not demonstrated entitlement to such credits under the law and therefore denied relief. In regard to Petitioner's claim he was denied due process in the revocation of his parole in

Case Nos. CRF–83–118, CRF–83–121 and CRF–83–282, the District Court, relying on *Twyman v. State Pardon and Parole Board,* 1992 OK CR 53, ¶ 3, 837 P.2d 480, 481, held Petitioner's proper remedy was to file an application for post-conviction relief, not in Cleveland County, but in Creek County, the District Court where Petitioner's convictions arose.

¶ 5 Thereafter, Petitioner, through counsel, attempted to have this Court review the District Court's order denying habeas relief. However, on February 23, 1998, this Court entered an Order declining jurisdiction due to Petitioner's failure to appeal the District Court's order within thirty days from the date the District Court had denied relief. See Rule 10.1(C), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1998). No further appellate proceedings were pursued by Petitioner regarding the Cleveland County District Court's order.

¶ 6 On June 30, 1998, Petitioner, *pro se,* filed an Application for Post–Conviction Relief in Creek County District Court, in Case Nos. CRF–83–118, CRF–83–121 and CRF–83–282. Once again, Petitioner alleged denial of due process in his parole revocations. On April 16, 1999, the Creek County District Court dismissed Petitioner's application finding that under the Uniform Post–Conviction Act, 22 O.S.1991, § 1081, the county with jurisdiction to hear such a claim was not Creek County, but the county in which the parole or conditional release was revoked, i.e., Cleveland County. Petitioner perfected this appeal from that ruling.

■ ¶ 7 In deciding Petitioner's appeal, we first find his claims regarding earned credits to be barred by the doctrine of res judicata. The Cleveland County District Court specifically addressed the merits of, and denied relief on this issue in its February 23, 1998, order. As explained above, Petitioner failed to timely seek appellate review of that order. Therefore, Petitioner's earned credit claims are res judicata. *See Wells v. Sheriff, Carter County,* 1968 OK CR 109, ¶¶ 7—28, 442 P.2d 535, 538—541 (subsequent habeas action in Court of Criminal Appeals res judicata where

county district court had granted habeas in previous proceeding).

¶ 8 However, Petitioner's due process claim regarding the revocation of his parole, and the dispositions by the two District Courts of this claim, warrants further discussion. We appreciate both District Courts' difficulty in determining which court has jurisdiction to hear claims attacking revocations of parole. Clearly, there is an ambiguity between 22 O.S.1991, §§ 1080 and 1081, regarding **where** challenges to revocation of parole or conditional release is to be brought. Moreover, a review of this Court's jurisprudence regarding the issue reveals a lack of clarity and guidance. It is time to resolve the ambiguity.[1]

¶ 9 In the case of *In re Sanders*, 1977 OK CR 248, 568 P.2d 331, the petitioner filed an application for habeas corpus relief in this Court seeking release from an order of the Governor revoking his parole. Therein, this Court acknowledged that proceedings challenging the validity of a parole revocation were governed by the provisions of the Uniform Post–Conviction Procedure Act. This Court specifically cited 22 O.S.1971, §§ 1080 and 1081. Section 1080 provided in relevant part:

> Any person who has been convicted of, or sentenced for, a crime and who claims:
>
> * * * * * *
>
> (e) that his sentence has expired, his suspended sentence, probation, parole, or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;
>
> * * * * * *
>
> may institute a proceeding under this act *in the court in which the judgment and sentence on conviction was imposed* to secure the appropriate relief.

22 O.S.1971, § 1080 (emphasis added). On the other hand, the pertinent part of § 1081 provided:

A proceeding is commenced by filing a verified "application for post-conviction relief" with the clerk of the court imposing judgment if an appeal is not pending. *When such a proceeding arises from the revocation of parole or conditional release, the proceeding shall be commenced by filing a verified "application for post-conviction relief" with the clerk of the district court in the county in which the parole or conditional release was revoked.*

22 O.S.1971, § 1081 (emphasis added).

¶ 10 Clearly there was in 1977 and, as will be discussed below, still remains, an ambiguity between §§ 1080(e) and 1081 regarding **where** a petition for post-conviction relief challenging the revocation of a parole or conditional release is to be filed. Because the petitioner in *Sanders* had not first sought post-conviction relief in the district court, this Court dismissed the application for habeas corpus relief. Moreover, while advising the petitioner of his appellate rights if post-conviction relief was denied by the district court, this Court did not address the aforementioned ambiguity or make clear within the opinion where the petitioner was to seek relief.

¶ 11 In *McMahon v. State*, 1987 OK CR 275, 747 P.2d 967, the appellant appealed from a Tulsa County District Court order dismissing his application for post-conviction relief upon a finding it lacked venue to hear or rule on the matter. The appellant had been granted parole on several Tulsa County cases but was subsequently returned to custody upon a violator's warrant. Both the probable cause hearing on the warrant and the revocation hearing were held in Tulsa County. The Governor eventually revoked the appellant's parole.

¶ 12 The appellant filed an application for post-conviction relief in Tulsa County seeking a review of his parole revocation. Relying on 22 O.S.1981, § 1081, the district court dismissed the application finding Oklahoma County had venue and jurisdiction of all such matters since the Governor's office is located

---

1. On July 16, 1999, this Court directed a response from the Attorney General regarding this issue. The Attorney General filed its response on September 23, 1999. On September 30, 1999, Petitioner filed a reply to the Attorney General's response.

in Oklahoma County and that was the county where the final revocation order was issued.

¶ 13 While acknowledging the conflicting provisions of §§ 1081 and 1080(e), this Court resolved the appeal based on the facts of the case. The Court observed the appellant's warrant had been issued in Tulsa County and his probable cause and revocation hearings were both held in Tulsa County. Thus, the Court reasoned the county of the conditional residence of the parolee would be the proper venue because "in most instances" the parole violation would most likely occur where the parolee is living and working and that county would be the jurisdiction from which subpoenas would issue to any witness that might be called in processing the claim of a violation. Therefore, the Court held the venue and jurisdiction anticipated in the language of § 1081 is the same as the locus of the parole revocation proceedings.

¶ 14 While the intention of the Court in *McMahon* to simplify the matter is commendable, such holding obviously does not solve those "instances" where the facts are dissimilar. For example, in the case at bar Petitioner was located in the State of Ohio at the time of his arrest. Moreover, Petitioner had been paroled in 1992 to the State of Florida under the Interstate Compact Agreement. Clearly, Petitioner's conditional residence could not provide the appropriate venue for hearing challenges to his parole revocation. Moreover, as the State points out in its Response, Petitioner's executive revocation hearing was conducted at a Department of Corrections' facility in Cleveland County merely because such hearings are held in conjunction with the Pardon and Parole Board's monthly meetings.[2] Obviously, this venue occurs by happenstance and not because of any nexus to the alleged parole violation. Thus, *McMahon* did not resolve the issue.

¶ 15 Finally, in *Twyman*, 1992 OK CR 53, 837 P.2d 480, the Court addressed a petition for a writ of habeas corpus seeking release from an order of the Governor revoking his parole. The District Court of Alfalfa County

denied the appellant's application for a writ of habeas corpus finding the relief appellant sought was governed by the Post–Conviction Procedure Act. The district court further found the Act required such actions be brought in the court in which Judgment and Sentence had been imposed and dismissed the matter since Alfalfa County was not the situs of the appellant's Judgment and Sentence. Without explanation, this Court agreed with the findings of the district court and dismissed the appellant's petition for writ of habeas corpus finding he had not followed the proper procedures for challenging his parole.

¶ 16 In resolving this issue, we initially hold that a challenge to the validity of a revocation of parole is to be brought, not in a petition for writ of habeas corpus, but as an application for post-conviction relief. *See* 22 O.S.1991, §§ 1080(e), 1081. Where such a matter is to be filed then becomes a matter of statutory construction.

¶ 17 Section 1080 has remained largely unchanged since inception and provides in pertinent part that any person who claims his parole was unlawfully revoked may institute a post-conviction proceeding to secure the appropriate relief in the court in which the Judgment and Sentence on conviction was imposed. On the other hand, § 1081 provides in pertinent part that when a post-conviction claim arises from the revocation of parole, the proceeding shall be commenced by filing a verified application for post-conviction relief with the clerk of the district court in the county in which the parole or conditional release was revoked.

¶ 18 It is true that when there is a conflict between various statutes applying to the same situation, the more specific of the two statutes governs, *Lozoya v. State,* 1996 OK CR 55, ¶ 17, 932 P.2d 22, 28–29. However, it is also true that Legislative acts are to be construed so as to reconcile their provisions, rendering them consistent and giving intelligent effect to each. *State v. Ramsey,* 1993 OK CR 54, ¶ 7, 868 P.2d 709, 711.

---

**2.** According to the Attorney General, the Pardon and Parole Board currently rotates its monthly

meetings between three different counties.

¶ 19 In its Response, the State contends that under § 1081, Oklahoma County is the proper venue for challenges to revocations of parole or conditional release because the Governor sits in Oklahoma County and makes the final determination regarding revocations. However, as demonstrated above, in most instances the only nexus Oklahoma County will have to a revocation is the Governor's domicile. To assign Oklahoma County as the proper venue for challenging all revocations on that fact alone does not make practical sense and would needlessly burden the already overcrowded docket of Oklahoma County.

¶ 20 Likewise, to assign challenges to parole revocations to the county in which the Pardon and Parole Board happened to meet makes no more sense. Such county would have a nexus to the revocation proceeding only because the roulette wheel of hosting a parole board hearing happen to fall on a facility in its county. We believe the process should be more reasoned than that.

¶ 21 This brings us back to § 1080(e) which allows a post-conviction proceeding seeking relief from a revocation to be brought in the court in which the Judgment and Sentence on conviction was imposed. We **FIND** this statute to provide the most logical venue for challenging a revocation. The county of Judgment and Sentence will have the original record regarding a person convicted of or sentenced for a crime. Moreover, it is the burden of a person challenging a revocation to file all relevant documents and exhibits regarding his post-conviction application. *See* 22 O.S.1991, § 1081. Finally, the district court has the authority to direct a response from the State and if necessary, conduct an evidentiary hearing and subpoena witnesses for a resolution of the application. *See* 22 O.S.1991, §§ 1083, 1084.

¶ 22 We therefore **HOLD** the proper venue to challenge a revocation of parole or conditional release to be the county in which the person's Judgment and Sentence on conviction was imposed. To the extent *In re Sanders* and *McMahon* are inconsistent with this holding, they are hereby **OVERRULED**.

¶ 23 Based on our holding, we find error in the Creek County District Court's order dismissing Petitioner's Application for Post–Conviction Relief for lack of jurisdiction. Thus, Petitioner's Application for Post–Conviction Relief is **REMANDED** to Creek County for further consideration of that claim.

¶ 24 **IT IS SO ORDERED.**

¶ 25 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 17th day of November, 1999.

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Steve Lile
STEVE LILE, Judge

