2002 OK CR 33

**Eric Christopher FRAZIER, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–2002–713.**

Court of Criminal Appeals of Oklahoma.

Oct. 3, 2002.

As Corrected Jan. 22, 2003.

---

**ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF IN PAROLE REVOCATION PROCEEDINGS**

¶ 1 On June 5, 2002, Petitioner, pro se, brought an appeal from a final order of the District Court of Tulsa County, Case No. CF–00–2155.[1] This final order was pronounced by the Honorable Jefferson Sellers, District Judge, on April 22, 2002, and a journal entry thereof filed with the trial court clerk on May 8, 2002. The order denied an Application for Post Conviction Relief filed by Petitioner on February 25, 2002.

---

1. The limited record provided by Petitioner indicates that his judgments and sentences in CF–00–2155 are for Possession of a Controlled Drug, four years imprisonment; False Personation, one year imprisonment; Resisting Arrest, ninety days; and Driving Under Suspension, six months. Petitioner was also convicted in CF– 00–2155 of Failure to Stop, for which he received only a fine. The record further indicates Petitioner's sentences were ordered to run concurrently, and that Petitioner served approximately one year in the custody of the Department of Corrections on these sentences before being paroled in September of 2001.

¶ 2 Petitioner's post-conviction Application alleged he had been granted parole upon those sentences he was serving in CF–00–2155. The Application claimed such parole had been wrongfully revoked, and that he is being unlawfully held due to parole revocation proceedings against him. In its order denying post-conviction relief, the District Court found that parole revocation proceedings had indeed been instituted against Petitioner, and that on February 20, 2002, a parole revocation hearing was held by the Pardon and Parole Board.

¶ 3 The District Court found that Petitioner's revocation hearing was held before Hearing Officer, Cary M. Pirrong, and that Pirrong had made a recommendation to the Governor for the State of Oklahoma that Petitioner's parole be revoked. The following finding was also made by the District Court: "Petitioner's parole has not been formally revoked at this time for the reason that the Governor has not ruled on the recommendation of the Hearing Officer." (Dist. Ct. Order at 8.)[2] For this, as well as other reasons set forth within its order, the District Court concluded Petitioner's post-conviction application should be denied.

■ ¶ 4 The Post Conviction Procedure Act is generally targeted toward challenges to a defendant's judgment and sentence, but at 22 O.S.2001, § 1080(e), an exception is found. That provision permits a convicted person to institute a post-conviction proceeding when "his sentence has expired, his suspended sentence, probation, parole, or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint." It is this provision that makes a post-conviction action the proper method for a defendant to challenge the revocation of his parole.[3]

¶ 5 In Petitioner's matter, he admits that the Governor has not yet revoked his parole. (Appellate Brief of Pet'r at 1.) Consequently, the "unlawfully revoked" parole, recognized within Section 1080(e) as a ground for post-conviction relief, does not exist in Petitioner's matter. Therefore, Petitioner cannot show entitlement to post-conviction relief upon grounds that he has suffered an unlawfully revoked parole.

¶ 6 There remains, however, Petitioner's claim that he is being unlawfully held under those parole revocation proceedings brought against him by the State. The same subsection of the Post Conviction Procedure Act that permits a challenge of a parole revocation also permits a convicted person to institute post-conviction proceedings when he is "otherwise unlawfully held in custody or other restraint." As applicable to Petitioner's situation, we find that the intent of this provision is to permit an individual held in custody for parole violations to bring a post-conviction application for his release when it can be shown that there exists no lawful reason for his continued restraint.

■ ¶ 7 In other words, his post-conviction action may substitute for that which previous to the Act would have been brought as a writ of habeas corpus.[4] We therefore

---

2. Inexplicably, the District Court's five-page final order is paginated beginning with the number "5" and ending with the number "9." We use the page-number references assigned by the District Court in our citation to the District Court's final order.

3. *See In re Sanders*, 1977 OK CR 248, ¶ 3, 568 P.2d 331, 331 (dismissing writ proceeding because petitioner had not followed required post-conviction procedures "for challenging the validity of the revocation of his parole") *overruled on other grounds by Delfrate v. Oklahoma Dep't of Corrections*, 1999 OK CR 42, ¶ 22, 991 P.2d 549, 553; *see also* Rule 1.2(D)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2002) ("Procedures for review of revocation of parole are governed by the Post Conviction Procedure Act, Sections 1080 to 1089 of Title 22 and Section V of these Rules.").

4. The language stating that "this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence" indicates that it is the intent of the Act to place into effect a statutory procedure that would substitute or supercede prior available remedies. 22 O.S.2001, § 1080. *See also Twyman v. Oklahoma Pardon & Parole Bd.*, 1992 OK CR 53, ¶¶ 4–5, 837 P.2d 480, 481 (holding that although "[t]he writ of habeas corpus has not been suspended or altered by the Post Conviction Procedure Act," petitioner's habeas action challenging his parole revocation would nonetheless be dismissed because "he has not followed the [post-conviction] proceedings provided by law for challenging the validity of the revocation of his parole").

hold that an applicant may not commence a post-conviction challenge of parole revocation proceedings until revocation of his parole has occurred, unless he can show there is no lawful authority whatsoever for his restraint, or if there was lawful authority, that such authority has lapsed or been exceeded.[5]

■ ¶ 8 Petitioner's post-conviction pleadings before the District Court alleged nothing that would demonstrate the State was without jurisdictional authority to restrain Petitioner. According to Petitioner's own allegations, on December 7, 2001, while Petitioner was incarcerated in the Tulsa County Jail on a misdemeanor complaint, parole officers advised him that revocation proceedings had been commenced which caused "a hold" to be placed upon Petitioner. (Application for Post Conviction Relief at 3.) The limited record provided by Petitioner reveals that on December 7th, the officers served Petitioner with a "Notice of Probable Cause Hearing," and that Petitioner waived his right to the probable cause hearing but reserved his right to a formal executive revocation hearing.

¶ 9 The record also supports the District Court's finding that the executive revocation hearing was held on February 20, 2002, and that after considering the evidence, the Hearing Officer found Petitioner violated the terms of his parole. The Hearing Officer's formal, written recommendation of revocation addressed to the Governor is dated March 1, 2002. On their face, these proceedings are wholly consistent with the constitutional rights afforded a parolee accused of violating his parole.[6]

¶ 10 Before the District Court, Petitioner's primary challenge to these proceedings was one of error occurring "[b]y D.O.C. placing a D.O.C. hold onto me, without having a hearing revocation within the time of 20 days, that is required by statute." (Application for Post Conviction Relief at 4.) The statute to which Petitioner refers is 22 O.S.2001, § 991 b(A). By its terms, this provision applies only to revocations of orders suspending sentences. There is nothing that makes it applicable to parole revocation proceedings,[7] and certainly nothing that would reveal the parole revocation proceedings against Petitioner, and Petitioner's restraint pursuant to

5. This is consistent with the scope of actions for habeas corpus, a proceeding that runs only to the jurisdictional aspects of a prisoner's confinement. *Ex parte Tidwell*, 92 Okl.Cr. 263, 265, 222 P.2d 760, 762 (1950). To hold otherwise, and thereby permit an individual to bring a post-conviction action prior to parole revocation, would be to permit piecemeal challenges to every stage of the State's prosecution of a parole revocation. Such a procedure would be contrary to most forms of judicial review and contrary to the intent of the Act. This point can be seen by comparison to the direct appeal process for criminal convictions. Generally speaking, unless a defendant in the course of a criminal prosecution can demonstrate error occurring that is so grievous as to be outside the jurisdiction of the trial court, there is no remedy or right of review for non-jurisdictional error until such time as a final judgment of conviction has occurred. 22 O.S. 2001, § 1051. We do not believe it the intent of the Legislature, in enacting the Post Conviction Procedure Act, to give convicted post-conviction applicants a greater right of review than that afforded defendants who have not yet been convicted. Consequently, a parolee must generally wait until parole revocation has occurred before commencing any post-conviction action, for the Act does not permit a pre-revocation right of review when the parole revocation proceedings are jurisdictionally sound.

6. In *Baker v. State*, we summarized the due process requirements for parole revocations:

> The United States Supreme Court has recognized two important stages in the typical process due for parole or probation revocations. The first stage requires that, when a probationer is arrested and detained at the direction of his parole officer, the probationer should be given notice and allowed to attend a preliminary hearing held by a person not directly involved in the case, as promptly as convenient after arrest, to determine whether there is probable cause to detain the probationer for a final decision on revocation. The second stage requires a revocation hearing within a reasonable time after detention before a neutral and detached hearing body, at which the probationer must have an opportunity to be heard, to evaluate contested facts and determine whether revocation is warranted. The Supreme Court left it to the discretion and responsibility of each state to develop revocation procedures within the framework of minimum due process requirements.

*Baker v. State*, 1996 OK CR 49, ¶ 17, 927 P.2d 577, 582 (citations and footnote omitted).

7. The applicable statute for arrest and prosecution of parole violators is 57 O.S.2001, § 516.

those proceedings, was without any authority.

¶ 11 Moreover, the District Court found required procedures were followed and Petitioner was not denied due process. (Dist. Ct. Order at 8.) Petitioner does not demonstrate any error in this finding. Even if the District Court were to find any credence to Petitioner's claim there was an improper delay in holding the revocation hearing, once a proper revocation hearing is conducted, the claim of delay is rendered moot.[8]  Contrary to Petitioner's arguments, if the revocation hearing was not conducted according to law, the remedy is not release. The judicial remedy is instead issuance of an order that an appropriate executive revocation proceeding be held.[9]

¶ 12 Petitioner also complained to the District Court that his waiver of the probable cause hearing was not voluntarily or intelligently given.  In this appeal, Petitioner does not explain how this circumstance somehow robbed the subsequent executive revocation hearing of its lawful authority or validity, or how such circumstance otherwise caused Petitioner's current confinement to be without authority.  Petitioner therefore does not show this claim demonstrates the District Court erred in denying him post-conviction relief.

¶ 13 To summarize, we hold that an individual, held on a complaint that he has violated parole, and who brings a post-conviction proceeding under Section 1080(e) prior to a formal revocation of his parole by the Governor, must, at the minimum, demonstrate some jurisdictional defect in his detention before he will be entitled to post-conviction relief.  If only non-jurisdictional error has occurred, the individual must then wait until the Governor has revoked the parole before he may commence a post-conviction review of the parole revocation proceedings.

¶ 14 **IT IS THEREFORE THE ORDER OF THIS COURT** that the April 22, 2002, order of the District Court of Tulsa County, in Case No. CF–00–2155, denying Petitioner post-conviction relief as concerns parole revocation proceedings, is **AFFIRMED.**

¶ 15 **IT IS SO ORDERED.**

¶ 16 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 3rd day of October, 2002.

/s/   Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge (concur in results)
/s/   Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge.
/s/   Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/   Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/   Steve Lile
STEVE LILE, Judge

---

8.  *See Berry v. Anderson,* 1972 OK CR 192, ¶ 4, 499 P.2d 959, 960 (where petitioner for fourteen months was committed to the penitentiary for a parole violation before he was afforded a proper parole revocation hearing, he was nonetheless ineligible for relief because "petitioner's challenge in this proceeding, after he has been afforded a proper revocation hearing, comes too late").

9.  *See Boggs v. State,* 1976 OK CR 155, ¶ 4, 551 P.2d 1166, 1168 (if trial court finds "proceedings resulting in appellant's parole revocation were not conducted according to law, then and in that event, the trial court should direct that appropriate executive proceedings be instituted").